```
                                                    FILED
1  Robert A. Long                              DEC 0 5 2005
   Pro Se.
2  Po Box 3526                              UNITED STATES DISTRICT COURT
   Seward, Ak.                                  DISTRICT OF ALASKA
3  99664.                                   By_____ Deputy
   Phon-Fax,
4  907-224-3036
```

5       IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF ALASKA
6

7   UNITED STATES,                      Case No. A02-0031-CR(JWS).
                                        No. A04-0286-CV-(JWS)
8          Plaintiff,
                                        MOTIONS FOR PREPARATION FOR THE
9   V.                                  JAN. 13, HEARING AND FOR RESPONSE
                                        TO THE GOVERNMENT.
10  ROBERT A. LONG,

11         Defendant.

12

13      Defendant Again finds, as Intended by the Government, not to be able to Effectively Oppose or Answer the Government do to the Criminal Denial of Discovery, to Include the Audio and Written Transcripts of the Trial Proceedings, (Denied by the On Record, Court Ordered Denial-Baring of Records of
14  the Trial by Judge Sedwick, to the Defendant in USA. V. Long, and Judge Singleton, in Long V, County), in Civil Rights Violations and in Criminal Conspiracy to Obstruct Justice. (this Denial Continues at this
15  Time by Judge Selna),

16

17      Do to, Again, the On Face, Criminal Denial of Records and Discovery in General to the Defendant for Years, the Defendant Answers the Court Order to Respond to the Government as Below, and again Demands Discovery under Judicial Notice!

18

19      Judge Selna, is Requested to Explain, and Under Law Justify, the Denial of Court Trial Audio Recordings and Written Transcripts to the Defendant, in Pro Se, Post-Trial, Appeal and Habeas Corpus
20  Relief Action, (Under Judicial Notice), Judge Selna, is Directed to the Trial Post-Trial Docket Sheet, the Appeal Docket Sheet and the Docket Sheet of this Instant Proceeding to Support the Defendants Years of Attempts to Gain these Records and the Years of Government Criminal Actions to Deny these Records to
21  the Defendant, as well the Denial of Discovery in the Motions for Discovery Made before this Judge.

22      Defendant again Moves the Court, for the Granting of Trial Record Discovery Criminally

23  Denied in Criminal Conspiracy to Continue On Going Criminal Acts Within the Anchorage, US. Federal

24  Court!

25  P 1 of 9

225

1   Daniel Cooper, has before the Court presented contended facts in this case in Support of his position,
2   that are in Error of Facts, Subverted Facts and in the Opinion of the Defendant "Intended Perjury" to
3   Maintain this Malicious Prosecution, in Obstruction of Justice in the On Going Conspiracy to Cover Up
4   Crimes Committed Within this Court, in the Falsifications of Court Records and other Wrongful Actions
5   and his Personal Actions in Abdication and Abandonment of his Official Duties and in Violation of Sworn
6   Oath of Office, (the on going Denials of Discovery in Civil and Legal Rights Violations Preclude the
7   Evidence from the Trial Transcripts being used to Clearly Support the Defendants Position and Charge's).

9   Defendant Moves to Inform this Court and Judge Selna, UNDER JUDICIAL NOTICE, (even as
10  it is an understood fact that Judge Selna, is aware of the Denials of Rights and Discovery to the Defendant),
11  that the Defendant is still Denied in Clear Violation of Law and Civil Rights, the Trial Records of this Trial
12  and of Long V. County, that are Required to Support Defendants Contentions and Charges, and to Rebut the
13  Statements and Contentions of Cooper-Bottini, in Answer to the Present Opposition, (Discovery that the
14  Defendant has not only Every Right to, but is Required Under Law to be Granted and Supplied with by the
15  Court), that these Criminal Civil and Legal Rights Violations in Denial of Trial Records are Committed
16  against the Defendant by the Prosecution, the Public Defenders Office and the Judges of the Anchorage,
17  Federal Court, do to the Fact that the Records Contain Criminal Evidence against the Government Actors
18  and Evidence of Civil Rights Violations that must atomically Reverse this Trial, NO EFFECTIVE ACTION
19  by Defendant can be made with Discovery Denied and no Valid Judicial Ruling on any Matter can be
20  Interred by this Judge with the Standing Denials of Discovery to the Defendant.

22  The Defendant is Attaching Documents to this Filing in Support, (only some of the
23  Endless Actions to gain Justice), from the 9th. Circuit Appeal and other Documents that Show the Denial of
24  all Lawful Attempts to gain Discovery and a Fair and Fundamental Honest Actions before the Court's,
25  Documents that Support the Denial of Good Faith Assistance of Counsels and the Overt Sabotage of all
26  p 2 of 9

1  Actions Involving the Anchorage, Public Defenders Office, Rich Curtner, Appointed Counsels, with
2  Excerpts of Trial Transcripts from day two of the Instant Trial, that Prove that the Instant Case Transcripts
3  in the Terrell, Prosecution Testimony and the Aug. 2000, Long V. County, Transcripts are Criminally
4  Falsified, which Provide a Supported Showing of Criminal Conspiracy by Judge Sedwick, and Prosecutor
5  Cooper, in Cover Up of these Criminal Actions taken, by or for MJ. Roberts, (the Denied to Defendant Trial
6  Sentencing Transcripts also Support the Sedwick-Cooper, Obstruction of Justice related to the Transcript
7  Falsification on their Face, if the Records are not Falsified then Selves by this time).

9  Cooper, in his 11-14-05, Opposition Filing, makes Claims that are not Supported by the Court
10 Records, that are in Error of Fact, Subverted Facts and Pantingly False on their Face, as Shown by the Trial
11 Records and Transcripts Criminally Denied to the Defendant by the Court and by Cooper-Bottini, Cooper, as
12 in the past, Relies on this Court and Judge to Continue the Criminal Denial of Court Records and
13 Transcripts to the Defendant to Protect himself and Other Government Actors.

15 (1), Cooper, claims that the Court Records Reflect that the Defendant was Present and in Custody in the
16 Proceeding to Clear Third Parties for Bail on 04-25-02, Doc. No. 36, (what record Cooper, refers to in
17 Support Cooper, does not state and the Trial Docket Sheet does not Support this False Cooper, Claim), this
18 Claim Falls and is shown to be False and Fraudulent with Previous Knowledge by Cooper.
19 (2), Bottini, Un-Refuted by Cooper, Claims that the Defendant was Represented by H. Fleischer, at
20 Sentencing on 09-27-02, Doc. No. 124, **Under Judicial Notice**, Judge Selina, is Directed to this Claim of
21 Fraud of the Government on a Substantives Issue Involving the Aromatic Setting Aside of the Trial for
22 Gross Intended Civil Rights Violations, Judge Selna, is Directed to in the Instant Docket Sheet, page 8, Doc.
23 No. 111, 09-09-02, Motion of H. Fleischer, to Withdraw on Defendants Orders as Counsel, Doc. No. 112,
24 09-10-02, Granting of Motion for Hearing to Withdraw Counsel, Doc. 113, 09-13-02, (Sealed), this is the
25 Granting of Removal of H. Fleischer, as Counsel do to Fleischer, Informing the Defendant that he could not
26 p 3 of 9

1  act in the Interest of the Defendant as Rich Curtner, Head of the Public Defenders Office had Ordered him to
2  Get the Defendant Sentenced and Out of the State of Alaska, (the Doc. 124, 09-27-02, Sentencing
3  Proceeding is Recorded with no Counsel Present on the Court Record), (the Doc. No. 113, 09-
4  13-02, Sealed Audio Recording, "if not Falsified," (Contains the On Record Request by the
5  Defendant for Counsel Independent of Rich Curtner, that the Defendant be let to act Pro Se,
6  in Order to make Filings ONLY until Independent Counsel can be Gained), (the Bottini-
7  Cooper, Government Claim of the Defendants being Represented by Counsel at Sentencing is Open
8  Knowing Court Record Supported Fraud before the Court); (If Judge Selna, cannot Confront the Court
9  Record Evidence that the Defendant was Per Se, Denied Counsel at Sentencing, his Official Duties and Law
10 Requires Personal Action by this Judge on this Issue on his Own Actions Without Further Action by the
11 Defendant, (Judge Selna, has Access to the Recordings that Prove the Denial of Counsel to
12 the Defendant at Sentencing, the Defendant by Judge Sedwick's, Orders is Denied-Barred
13 Criminally from this Evidence).
14     (3), Cooper, Claims a Misunderstanding by the Witnesses, Crump-Eliason, under Affidavit of the
15 Announcement by Bottini, (in the Shown to be an Illegal Ex-Party Proceeding, Doc. No. 36, 04-25-02,
16 Recordings-Transcripts Deprived to the Defendant in Criminal Civil Rights Violations), in the Issue of a
17 Phone, Wire Tap, "Warranted or Criminally Un-Warranted," on the Phone that the Defendant would be
18 Clearly using for Attorney-Client Contacts, Cooper, Claims Errors in the Witnesses and the Defendants
19 Memories that the Defendant was not Present and that an Error in their Memories or Understanding, lead the
20 Witnesses to believe that the Warrant was for other than the Electronic Monitoring Line for Bail, the
21 Problem with this Cooper, contention is that (1,a), no Warrant is needed or useable for the Monitoring Line
22 as it cannot be Interrupted for any other use as that would show as a Violation, so no other use can be made
23 of that Set Aside Line, (1,b), Bottini-Cooper, Refer to the Crump, Phone Line that Existed on 04-25-02, as
24 the Phone Tap, not the Set Aside Phone Monitoring Line, used for Monitoring that was not Ordered and/or
25 Installed after the 04-25-02, Proceeding, (Tina Crump, Ordered the Monitoring line after this Ex-Parte
26 Proceeding and the Defendant after Release Put in the Service himself after his Release).
27 P 4 of 9
28

1  (4), Cooper, contends that no Ex-Parte Judge Sedwick, Trial Jury Proceeding-Communication-
2  Tampering existed, (that this is Proven True as Sedwick, and other Government Actors, say so, if only
3  Criminal Defendants could use that defense their would be no convictions), the Fact is in the Cooper,
4  Opposition, that other than Sedwick, no Other Cooper, Witness is in Fact Testifying that the Event did not
5  take Place, only that they did not see such an event" (Cooper, to Validly Support this Claim, if it were
6  True, would Simply Provide the Court Building, Court Room, Audio Security Recording that Runs During
7  all Court Hours, that would have Recorded this off Record Communication, (or that would Supports that no
8  Communication Existed), (Defendant has Court Recordings in Long V. County, Recorded apparently, in
9  part, from times the Court was not in Secession, apparently made from this Security Recording not the
10 Court Room Audio Recording, "the Falsified Long V. County, Court Supplied Recordings of Aug. 2000, are
11 apparently from that Security Recording, not the Recording made from the Court Recorder).
12  The only Valid Disinterested Witnesses to the Sedwick, Ex-Parte Action, are the Trial Jury of which
13 Cooper, does not Desire to Appear before this Court, as Clearly Shown by his Opposition to the
14 Subpoenas and Attempts to Keep the Jury out of Court.
15  (As reported to the Defendant by Tina Crump, told to her by the FBI, Agent sent by Cooper, to Seward in
16 this matter, the FBI, Agents statement to Witness Crump, After or During his Interview with Witnesses
17 Crump, is that the Crump, Affidavit and the Crump, FBI, Interview with Tina Crump, reports the same
18 Information, as that given from his other Witness Interviews on the Matter of the Sedwick-Jury, that the Ex-
19 Party Sedwick-Jury, Proceeding Existed, this FIB, Interviewer Statement to Witness Crump, it seems, could
20 only be from his FBI, Interviews with Sedwick, or Trial Jury Members.
21  If Cooper, has in fact Interviewed, or had Interviewed, Judge Sedwick, or any of the Trial Jury Members,
22 (in any form), these Interviews in Total should have been Reported to the Court and the Defendant, and
23 Cooper, should be questioned on this Issue by the Court, "on its Own Action by Court Order," as do to
24 if any Involved Party has Stated the Sedwick-Jury Event took Place any latter or present Opposition by
25 p 5 of 9

Cooper, to Subpoenas of the Jury, or Opposition in any form, or Denial of the Existence of the Proceeding, would be in Bad Faith and Intended Obstruction of Justice by with holding this Vital Information by Cooper).

(No Government Official is Beyond Questioning in their Actions, Prosecutors are found in Criminal Violation of Law every Day in the Press, Cooper, is Contended, and the Defendant Contends it to be Shown Clearly by the Illegally Denied Court Trial Records, that Cooper, has a Grave Personal Interest in the Issues before the Court in their Cover Up, as these Records show that Cooper, Elicited in Day Two of Trial, the Terrell, Prosecution Testimony that in Effect MJ. Roberts, did Falsify the Long V. County, Transcript, then in the Denied Trial Sentencing Transcript Cooper, admits with Judge Sedwick, that this Terrell, Testimony Existed in Trial and then when Confronted by the Defendant with the Falsified Instant Trial Day Two of Trial Transcript, with Coopers, Personal Terrell, Prosecution Testimony Removed, Cooper, with Judge Sedwick, then Refusing to Act on this Second Criminal Falsification of Court Records, (without the Other Bad Faith and Criminal Issues that could come home to Cooper, this Refusal of Official Duty to act on a Crime coming to his Personal Attention, Places Cooper, under Risk of Legal Actions and gives Cooper, a Personal Reason to Oppose Justice in this Case and to Act in Intended Obstruction of Justice and as well to act in Criminal Prejudice against the Defendant).

(Do this Matter with the Clear Inherent Threat against the Defendant of Further Harmful Actions against the Defendant, the Court Should Issue a Protection Order to Protect the Defendant and Other Witnesses from Cooper, or other Government Actors from Retaliation, or Harmful Illegal Actions that would have the Clear Outcome of Chilling the Defendant and Witnesses from Continuing actions on this Matter, all are Living in Fear of This).

(5), Cooper, contends that the Defendant claims difficulties with his Attorney after Trial, Cooper, Ignores that the Defendant Claims and Charges Criminal Misconduct by all Public Defenders Rich Curtner, Attorneys from the first days of the Arrest, the First Curtner, Attorney, Mc Coy, on the Case for a month, Refused to Act to gain Required Discovery, (Mc Coy's, Name does not even Exist on the Court

p 6 of 9

1  Records as Ever being Assigned to or Acting in the Defense), Mc Coy, then Abandoned the
2  Defense Without Warning or Explanation, (abandonment of Cause by an Attorney is Atomic Reversal of
3  Trial), (Mc Coy, was in Conflicts of Interest with the victims), the Second Attorney, Dieni, Refused Every
4  Order by the Defendant to gain Discovery and Make Defenses and Retained the Case Only by Criminal
5  Threats against the Defendant,( that if the Defendant attempted to Remove him, the Defendant would be
6  Sent to a Fed. Mental...Forced on Drugs...Returned a Drugged out Zombi, this with Other Gross Mis-
7  Conduct Reduced the Trial to a Fraud and Sham, when removing Dieni, Rich Curtner, informed the
8  Defendant he had not been Defended do to the Criminal Charges against the victims and the Threats to his
9  Attorney in any Effective Defense), the Third Counsel, Fleischer, Informed the Defendant of the Rich
10 Curtner, Order, not to work for the Defendant, but to get Defendant Sentenced and out of the State, and of
11 the Fourth Curtner, Attorney, Cyrus, the Defendant Attaches the 13, Pages of the Appeals Docket Sheet that
12 Shows the Actual Intended Sabotage of the Appeal, with the Total Denial of Basis Rights to the Defendant,
13 by not only Cyrus, but also of the 9th. Circuit Appellant Commissioner Shaw.
14    Cooper, in this Matter, in Fraud attempts to Cover Up Civil and Legal Rights Violations that if not
15 Covered up would Pitch this Case out of Court, (the Issue in Appeal, also Exist of Rich Curtner, stopping
16 the Defendant from Gaining Independent Counsel from the Seattle, Public Defenders Office, Curtner, telling
17 that Office to Refuse me Counsel from their Office in Obstruction of Justice and Violations of my Rights to
18 Effective Assistance of Counsel), (as Reported to me by the Seattle Defenders Office as their Reason for
19 Refusing me Counsel, was that Rich Curtner had told them, the Seattle Office, that I was a Problem for his
20 office he would take care of), "he did very well take care of the Defendant by the use of Eugene B. Cyrus, in
21 an Appeal that was, a Fraud and a Sham, as Clearly Shown by the Appeals Docket Sheet Alone".
22    (6), It would appear on one hand in his Opposition Filing, that Cooper, claims no Sedwick-Jury, Ex-Parte
23 Communication-Tampering Existed at all, then on the other hand, Cooper, seems to claim that no
24 Impermissible Contact took place between Sedwick-Jury, <u>not that the contact did not take place</u>, (it
25 p 7 of 9

1  must be One or the Other), (it happened or did not), Cooper, seems to claim on the second hand that as
2  Sedwick, did not call the Defendant a Bastard in front of the Jury, or such, that the Ex-Parte Trial Judge and
3  Jury Communications are not Impermissible Contact, and are not Judicial Misconduct, with a Gross Civil
4  Rights Violation that Requires Dismissal of Trial or other Action, for Cooper to make this Claim
5  seems on its Face to Show Cooper, has Personal Knowledge that the Ex-Parte Proceeding
6  Existed, Personal Knowledge Denied to the Defendant and to the Court in Misconduct and
7  Bad Faith, and we do not know what was Discussed at any rate.

8  (Cooper, Ignores in his Two Faced Claims, that the Very Fact of any Little Judge Sedwick, Trial Jury
9  Chat, is Criminally Impermissible, that it is Clearly Criminally Prejudicial to the Defendant and Cooper,
10 Ignores that those Dammed Old Supreme Court Justices, of the United States, are on Clear Record as Spoil
11 Sport for this kind of Fun for Judges, the US. Supreme Court having Ruled that any **Judge-Jury**, or
12 **Prosecutor-Jury, Ex-Parte Contact-Communication-Tampering in any Form Voids the Trial**
13 **and all Trial Actions**, and are Acts Actionable under Criminal, Judicial and Civil Law, (the US. Supreme
14 Court Continues on this Issue Ruling, <u>THAT PREJUDICE NEED NOT BE SHOWN BY THE
15 DEFENDANT ON SUCH EX-PARTE CONTACTS, AS PREJUDICE AGAINST THE
16 DEFENDANT "IS" INHERENT ON ITS FACE AND REVERSAL IS AUTOMATIC.</u>

17 (This Ex-Parte Sedwick-Jury Proceeding only came to the attention of the Defendant, do to News Paper
18 Reports of the Ex-Parte "Common Place" Kenai, State, Prosecutors having little Get Together with the
19 Grand Jury's, being Discussed in Seward, before the Sedwick-Jury, Proceeding Witness, Tina Crump, (this
20 Witness not before telling the Defendant as the Witness did not know it was Forbidden), what was
21 Discussed or not Discussed between Sedwick-Jury, Ex-Parte is not Important as Contended in Knowing
22 Fraud by Cooper, only is Important under Law by the Supreme Court, is if Judge Sedwick, Violated the
23 Law, Court Rules, his Oath of Office, the Civil Rights of the Defendant and the Clear Repeated Rulings of
24 p 8 of 9

1  the US. Supreme Court, in having any form of Ex-Parte Jury Communication, (the Only Questions before
2  this Court at this Time, is if Support Exist that the Ex-Parte Sedwick-Jury Event Could did Exist, then for
3  the for the Jury Subpoenas to be Issued, or this Judge to act Under The Supported Showing Of The
4  Existence, to Set Aside the Trial, Appeal and Grant all Reasonable Relief to the Defendant and to Forward
5  Sanctions against Judge Sedwick, and any other taking any Part in Cover Up).
6
7      Further, in the Understanding of the Defendant, is that, if the Ex-Parte Sedwick-Jury action
8  took place, or a Strong Showing Exist of the Ex-Parte Communication-Proceeding-Contact-Little Get
9  Together, then it's the Duty of the Court on that Showing to Dismiss the Trial, Sentence, Conviction
10 Appeal and Grant Effective Relief to the Defendant by his Own Actions, just as is the Case, if Proven the
11 Defendant was Denied Access and knowledge of the Bail Hearing and Denied Appointed Counsel at
12 Sentencing, and Other Denial of Effective Assistance of Counsel Showing, to Reverse and Set Aside and to
13 Rule Ineffective Assistance of Counsel.
14
15
16     Defendant Motions for Relief Under Judicial Notice, from Judge Selna, of the Civil and
17 Criminal Violation against the Defendant by all Government Actors, that Judge Selna, Order Release of all
18 Denied Trial Records in USA. V. Long, and Long V. County, that Judge Selna, Order an Investigation of the
19 Defense Witness Tampering Issue in this Case by the Defacto Arresting Officer, or that Public Defender
20 Dieni, (the Rich Curtner), Appointed Trial Counsel, be Subpoenaed for the 1-13-06, Proceeding as a
21 Personal Witness Informed Directly by the Witness in Question of the Felony Witness Tampering Action, as
22 well as a Subpoena to the Defense Witness Louis Bencardino, of Seward, Ak.
23
24 I certify the above to be true and correct to the best knowledge of the Defendant under penalty of perjury.
25 I certify to have served the government in Anchorage Ak.
26 Dated on 12-02-05
27 p 9 of 9
                                                        Robert A. Long,         Pro Se.
28