FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 28 PM 3:05

TIMOTHY M. BURGESS
United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071
daniel.cooper@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. A02-0031 CR (JWS) |
| | ) | |
| Plaintiff, | ) | **OPPOSITION TO MOTION** |
| | ) | **FOR CHALLENGE OF** |
| vs. | ) | **REFUSAL OF** |
| | ) | **GOVERNMENT TO** |
| ROBERT A. LONG, | ) | **PROVIDE THE REQUIRED** |
| | ) | **AFFIRMATIVE SHOWING** |
| Defendant. | ) | **OF FEDERAL** |
| | ) | **JURISDICTION, MOTION** |
| | ) | **FOR DISMISSAL DO [SIC]** |
| | ) | **TO ABDICATION OF THE** |
| | ) | **LAWFUL GOVERNMENT** |
| | ) | **ACTIVITIES** |
| | ) | (Motion at Docket 226) |

Mr. Long filed a motion at Docket 226 captioned "Motion for Challenge of Refusal of Government to Provide the Required Affirmative Showing of Federal Jurisdiction, Motion for Dismissal Do [sic] to Abdication of the Lawful Government Activities." This is the response of the United States to the Motion.

227

1. <u>Brief Procedural History</u>.

Mr. Long filed a "Motion Under 28 U.S.C. § 2255" on November 30, 2004, without the assistance of counsel.[1] Thereafter, Mr. Long filed numerous motions asking for discovery, the issuance of subpoenas, and various disqualification motions. The court ultimately entered its order denying the § 2255 motion on May 6, 2005.[2] Mr. Long filed the motion which is the subject of this opposition on December 13, 2005.[3]

2. <u>The Original Motion for Relief Under 28 U.S.C. § 2255</u>.

Mr. Long's original § 2255 motion stated four grounds: the trial judge should have recused himself, Mr. Long did not receive effective assistance of counsel, the trial should have been held elsewhere, and the court lacked subject matter jurisdiction because the government failed to plead or prove an interstate nexus. The court found that Mr. Long failed to meet his burden on each of these grounds, and denied and dismissed the motion.

The court specifically found that Mr. Long's argument concerning subject

---

[1] Motion Under 28 U.S.C. § 2255, Docket 171.

[2] Order, Docket 191.

[3] Motion at Docket 226.

Opposition to Motion at Docket 226.

2

matter jurisdiction was frivolous.[4]

3. The Pending Motion.

At Docket 226, Mr. Long argues that the government has denied him documents and proof that the court has subject matter jurisdiction in this matter. Mr. Long also moves once again to dismiss the case for alleged government misconduct. Neither argument is supported by authority or affidavit.

4. Argument.

A. The Motion Should Be Denied for Failure to Provide a Legal Basis or Authority for the Motion.

Mr. Long's motion cites no legal authority as the basis for bringing the motion. Therefore, it should be denied. Rule 8(a)(1) provides, "A pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the grounds on which the court's jurisdiction depends..." Fed.R.Civ.P. 8(a)(1). Mr. Long's Motion at Docket 226 does not state any grounds on which the motion is based. A suit arises under the constitution and laws of the United States only when the plaintiff's own statement of his cause of action shows it to be based upon the constitution or those laws. Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908). Unsupported conclusions of law in a complaint are not

---

[4] Order at Docket 19, p. 2.

Opposition to Motion at Docket 226.

3

sufficient to support a finding of federal jurisdiction.  McCarthy v. Mayo, 827 F.2d 1310, 1316 (9th Cir.1987).  Lack of actual, as well as stated, federal jurisdiction is a basis for dismissal under Rule 12(b)(1).

Because Mr. Long is proceeding pro se, the court should examine his motion closely to determine whether he could have made out a claim that would confer subject matter jurisdiction on the district court.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

Procedurally, Mr. Long had two options if he disagreed with Judge Sedwick's order dismissing his § 2255 petition on his subject matter jurisdiction argument:  he could have moved for reconsideration under the rules of civil procedure,[5] or filed a notice of appeal and appealed the order to the Ninth Circuit.[6] He did neither.  As a result of his inaction, he has waived further consideration of Judge Sedwick's order dismissing his § 2255 petition, including filing motions asking for further discovery on issues which have been considered and denied.

---

[5] Local Rule 59.1 allows for the filing of motions for reconsideration within 5 days of the order.  The motion for reconsideration is limited to five pages, and no opposition or reply may be filed unless requested by the court.  D. Ak. LR 59.1.  This motion was not filed within five days, nor is it limited to five pages.

[6] Rule 4(a), F. R. App. P.;  Rule 11, Rules Governing Section 2255 Proceedings.

Opposition to Motion at Docket 226.

Mr. Long asserts in the first paragraph of his motion that the motion is not brought pursuant to § 2255. However, he does not present any authority for the proposition that he can bring this motion, but proceeds directly to argument. Since the time for appeal, and any other post judgment relief, has run, there is no authority for bringing this motion. All the argument in the world can not prevail if the court has no authority to hear the argument. The motion must be denied.

> B. The Motion Should Be Denied Because It Is a Second or Successive Petition for Which No Certification Has Been Sought or Granted under 28 U.S.C. §§ 2255, 2244.

Although Mr. Long asserts that the motion is not a request for relief under §2255, the relief which he seeks is that which only 28 U.S.C. § 2255 provides. The instant motion restates arguments and facts originally presented by Mr. Long in his first § 2255 petition, and in other motions brought thereafter in the same case number.

The subject matter jurisdiction was squarely raised by Mr. Long in his original § 2255 petition. Thus, this motion is a second or successive petition under 28 U.S.C. § 2255. See, United States v. Evans, 224 F.3d 670, 673 (7th Cir. 2000). (It is awfully hard to see how the "motion" to which § 2255 ¶ 8 refers could be anything other than a motion fitting the description of ¶ 1 ...).

Opposition to Motion at Docket 226.

Mr. Long has not sought certification of the new petition from a panel of the Ninth Circuit. Because Mr. Long failed to seek or obtain the certification required by 28 U.S.C. § 2255 (paragraph 8); 28 U.S.C. § 2244(b)(3), this motion must be denied in its entirety.

This record conclusively establishes that Mr. Long failed to meet the statutory requirements found in the last paragraph of 28 U.S.C. § 2255. Having failed to meet the requirements of the law, this motion must be dismissed.

## CONCLUSION

Robert Long has failed to provide any authority to support the motion at docket 226. Moreover, this is a second or successive petition prohibited by 28 U.S.C. § 2255, ¶ 8. The motion must be denied.

RESPECTFULLY SUBMITTED on December 28, 2005.

>										TIMOTHY M. BURGESS
>										United States Attorney
>
>										*/s/ Daniel R. Cooper, Jr.*
>										DANIEL R. COOPER, JR.
>										Assistant U.S. Attorney

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on December 28, 2005, via:

(X) U.S. MAIL

Robert A. Long
PO Box 3526
Seward, AK 99664

Executed at Anchorage, Alaska, on December 28, 2005.

_K Joy McCulloch_
Legal Assistant
Office of the U.S. Attorney