RECEIVED
JAN 3 0 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

1  Robert A. Long
   Pro Se.
2  Po Box 3526
   Seward, Ak.
3  99664.
   Phon-Fax,
4  907-224-3036

5          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF ALASKA
6

7  UNITED STATES,                  Case No. A02-0031-CR(JWS).
                                          No. A04-0286-CV-(JWS)
8          Plaintiff,
                                   MOTIONS TO THE COURT, RESPONSE
9  V.                              TO THE COURT, MANDATORY
                                   JUDICIAL NOTICE ON ISSUES, MOTION
10 ROBERT A. LONG,                 FOR DISMISSALS.

11         Defendant.              MOTION FOR SHORTEN TIME.

12
       The Court has apparently issued, an order on 1-13-06, and 1-17-06, the Defendant seems to
13
   understand the following, that the Court Offers to let the Defendant make Further Issue Filing and Grants till
14
   1-31-06, and the Judge Offers a California, Attorney to the Defendant to Appeal this Judges Intended Ruling
15
   to Dismiss in this Case.
16
       First, the Defendant Thanks Judge Selna, for understanding from the Records that the Defendant can not
17
   Trust any Alaska, Attorney, [Defendants also Withdraws Complaints that Judge Selna, has not Properly
18
   Reviewed the Record and Other Things], the last 8, years have been hard on the Defendant, do to the Bad
19
   Faith and Criminal Actions of Anchorage, Judges, with their back and forth Denial of Discovery.
20

21
       The Offer of a California, Attorney Independent of the Anchorage, Public Defenders Office,
22
   Anchorage US. Federal Attorneys Office, and the Anchorage, Federal Judges, is with Thanks, Excepted
23
   at this Time, if need arises, but Judge Selna, could also Retain this Action, Grant an Attorney as Judge
24
   Sedwick, should have, and save the Defendant and Court, Time, Expense and Effort, as in the end, one way
25
   or another we will be right back at this point.
26
   P. 1 of 12
27

28

1   This Offer of an Attorney by Judge Selna, to the Defendant, does Raises a Central Issue in
2   this Case, in the Judge Sedwick, 2255, Dismissal in the Judge Selna, Intended Dismissal with the offer of an
3   Appointed Attorney for Appeal, this Supports Clearly, by this Action, Judge Selna's, [belief-understanding],
4   that the Defendant is Un-Fit to Appeal this Judges Intended Ruling against the Defendant, [this must
5   Show Clearly that Judge Selna, Believes-Understands, that the Defendant was and is Un-Fit to Act
6   Pro Se, in this Complicated Habeas Case Relief Action], <u>the Defendant was Aware,</u> he could not Act
7   Effectively, do to Legal lack of Knowledge and the Problems in Gaining Discovery from the
8   Involved Judges, and so Requested Counsel before the Court, [Denied by Judge Sedwick], this also
9   Clearly Supports that the Judge Sedwick, Denial of Appointed Counsel to the Defendant, [with the Abject
10  and Total Denial of Discovery in 2255, Relief], has so Prejudiced the Defendant, as to Deny Due Process
11  and Equal Protections under the US. Constitution and makes this Action to Date a Farce, Sham and a Fraud.
12
13  The Defendant does in his Own Defense, "in any Disrespect to the Court over this Last 6,
14  years," [if the problems of the Defendant are Contended caused by the Defendant], Rest in that any and all
15  such acts or actions, go back, to, and began, after Aug. 4, 2000, when the Defendant, Plaintiff in Long V.
16  County, Moved Orally in Recorded Hearings before MJ. Roberts for a Protection Order, Protecting the
17  Plaintiff from the Actions of the State of Alaska, so that he could Earn an Income and Support himself until
18  the Case was Resolved, and was Told Directly and Clearly by MJ. Roberts, "Quoting MJ. Roberts", {to go
19  down the Street to the Welfare Office that his Court was not in that business}.
20  This was just before the Defendant-Plaintiff, <u>Lost his Home,</u> do the Wrongful Actions of Alaska,
21  against him, (Aided by MJ. Roberts), in a Case the Plaintiff, this Defendant, <u>Prevailed in,</u> and was left
22  much Worst off than when he Filed Suit, and has been Denied Orders for Effect to the Relief Order to the
23  Defendant by Judges, Singleton, Holland, [Effective Relief never Gained to Date after 8, years, after
24  Prevailing, what Little the Defendant owns is Leaned now by Alaska, all Dividend Checks Stolen, in these
25  New Alaska, State, Actions Ordered in Long V. County, to be Stopped].
26  P 2 of 12

1   In USA. V. Long, Prosecution Testimony, Timothy W, Terrell, [an Alaska, Assistant Attorney General],
2   a Direct Witness to the Aug. 4, 2000, Proceedings, [as Counsel for the Defense], Testified to this Un-Called
3   for, Offensive Statement made by MJ. Roberts, to the Defendant, [the removal of this Offensive Statement
4   from the Proceedings Records, Audio and Written, is One of the Two Known Criminal Falsifications by MJ.
5   Roberts, in that Case, the Second is the removal of the Jury Trial Date Order, with a Third in the MJ.
6   Roberts, Falsification of the USA. V. Long, Transcripts Removing the Prosecution Testimony against him].
7   To date the Defendant does not understand why MJ. Roberts, did not simply enter a Lawful Order Setting
8   Aside the Trial Date Order, (maybe as that Lawful Act would still leave the Offensive Welfare Statement on
9   the Record and as Defendant has come to Understand a large number of Judicial Complaints have been Filed
10  to the 9th. Circuit for this kind of Bad Conduct by MJ. Roberts, also MJ. Roberts, has made the Mistake of
11  Falsifying the USA. V. Long, Prosecution Trial Recordings and not the Defense Cross on the Same Issue of
12  his Falsification of the Long V. County Transcripts, (this Evidence is before this Court)..

14  In the Issue of the Judge Sedwick, 2255, Dismissal, with the Clear Belief that the Defendant
15  is Un-Fit to Effectively Appeal a Judge Selna, Dismissal, Judge Selna, must also agree that the Judge
16  Sedwick, Denial of Appointed Counsel to the Defendant in a 2255, Complicated Case, so Prejudiced the
17  Defendant as to Deny the Defendant Due Process and Equal Protection and any Possible Chance to Prevail.
18  The Defendant being Un-Fit to Appeal the Intended Dismissal by Judge Selna, Judge Selna, can not then
19  Claim that a Fair 2255, Action existed before Judge Sedwick, this must be Treated as a Rule 60(b)(6),
20  Extraordinary Circumstance, and the Judge Sedwick, Dismissal be Set Aside in Fundamental Fairness.

22  It seems to the Defendant, that under Rule 60(b)(6), as explained by Judge Selna, in his Order,
23  [that the Denial of Requested Counsel and the Actual Result, has created an Extraordinary Circumstances
24  that under the Discretion of the Court, Justifies Dismissal of the Judge Sedwick, Dismissal of 2255, under
25  P 3 of 12

Rule 60(b)], (this is an Issue relating to the Habeas Corpus Proceeding itself, not the underlying Trial), the 2255, Action being in Effect a Farce and Sham, do to lack of Requested Counsel to a Pro Se, that Judge Sedwick, was Clearly Aware was Un-Fit to act Pro Se, [the Judge Sedwick, Denial of Requested Counsel at Sentencing should be taken into account in this as well in ongoing Rights Denials.

The Judge Sedwick, Dismissal of 2255, it seems, should be Set Aside by Judge Selna, again under Rule 60(b)(6), [as understood by the Defendant], do to the Abject Total Denial of Court Record Discovery to the Defendant, (Denials of Discovery in Post-Trial, the 9th. Circuit Appeal and in this 2255, Action), one would think the Defendant being Denied the Trial Discovery Required to make a Effective Supported Showing for Relief, [these Court Records-Transcripts that the Defendant has an Absolute Right to and Can Not be Denied by Law, that have been Denied for 4, years], and with the Denial of Trial Records having more than just the Strong Appearance of the Denying Discovery to the Defendant do the Allegation that the Denied Discovery contains Criminal Evidence against the Dismissing, Judge, "Sedwick, and Roberts," this it seems would stands as an "Extraordinary Circumstance" under the Rule 60(b)(6), Ackermann, Exception for Judge Selna, to Dismiss the Judge Sedwick, Dismissal, and as well for Judge Selna, to Provide to the Defendant, Orders for the Denied Court Records of the Trial.

Under Mandatory Judicial Notice, Defendant understands by Supreme Court Rulings that, no Criminal Defendant, "or any Party to any Action," can for any Reason, be Denied under Law and Fundamental Fairness, the Transcripts of his Own Criminal Trial or Civil Action Trial Records, [as has been done for 4, years to the Defendant], and that until after Discovery, no Judge may make a Dismissive Ruling in any Action, [Dismissal or Other Dismissing Ruling], (that under what ever Rule the Judge may Deem Appropriate this Judge should Reverse Judge Sedwick, on this Issue of Law alone).

This Judge must, Reverse and Set Aside the Judge Sedwick, Dismissal, [if in fact no Judge may make any Dismissive Ruling in Any Case or Matter before Discovery to the Parties under Law and Fundamental Fairness], (the Post-Trial, Appeal and this 2255, have some 70, Motions-Actions-Writs-

P 4 of 12

1  Demands for Discovery of the Trial Records), Denied to Date, [again for 4, years], again under Rule
2  60(b)(6), this Denial of Rights and Violation of Court Rules must exist as an Extraordinary Circumstance.

4  Judge Selna, can not as is understood by the Defendant, Dismiss, with the Un-Resolved
5  Issue of One or More Judge Sedwick, Ex-Parte Trial Judge Trial Jury Proceedings before him.
6  With and Aside, from the Ex-Parte Trial Jury Tampering by Judge Sedwick, if Judge Sedwick, in Trial
7  Denied Defense Witness to the Defendant, (do to his Direct, or In-Direct, Knowledge, gained from
8  the Prosecutor Bottini, Announced Phone Tap in the Ex-Parte Trial Proceeding to Clear
9  Third Parties for Bail), "[that the Witnesses would Testify on the Issue of the Long V. County, Criminal
10 Falsifications of Trial Records by the contended victims]," [Federal Judges], (this Ex-Parte Trial Proceeding
11 is also at Issue as the Federal Phone Tap is Denied by Cooper), but if Judge Sedwick, Denied the
12 Defendant Defense Witness do to Phone Tap Information Gained, this is a Misconduct Issue, within and
13 aside, from the 2255, Action, Judge Sedwick, can not in one Action Violate the Law and Civil Rights of the
14 Defendant, then use his Official Position to Dismiss the 2255, to Cover Up, this should stand as another
15 Rule 60(b)(6), Extraordinary Circumstances do to bad Faith and/or Criminal Actions of the Trial Judge.
16 Also if Judge Sedwick, is on the Criminally Denied to the Defendant, Court Records of the Sentencing
17 Proceedings Transcripts, [as Alleged by the Defendant], "Acting with Prosecutor Cooper," in Covering Up
18 the Criminally Falsifications of USA V. Long, and Long V. County, Trial Records by MJ. Roberts, and
19 Covering Up the Criminal Defense Witness Tampering by the Defacto Arresting Officer in USA. V. Long,
20 [now under Suit for in Long V. City of Seward, do to Prosecutor Cooper, and Judge Sedwick, on Record
21 Refusing to act on this Criminal Action Committed in their Case], the Misconduct of Judge Sedwick, in this
22 Action creates another Extraordinary Circumstance under Rule 60(b)(6), Mandating the Reversal of the
23 Judge Sedwick, Dismissal of 2255, by Judge Selna.
24 P 5 of 12

1    The Judge Sedwick, Dismissal can not be Upheld until Judge Selna, Adjudicates the Ex-
2 Parte Trial Judge Sedwick-Trial Jury Proceedings at Issue, this is a Issue of New Discovery, this is an
3 Issue of Gross Prejudice against the Defendant Denying Fundamental Fairness, and this is an Issue of Gross
4 Judicial Misconduct by Judge Sedwick, that is a Strong Showing of Support for the Factuality of Other
5 Charges against Judge Sedwick, and his Bias in the Case that Mandates Reversal of the Trial, {{{again this
6 is the Issue that Placed this Judge, Selna, in this Case and under a Mandate to Address and Resolve this
7 Issue by the 9th. Circuit Chief Judge}}}, [One], Judge Sedwick, if those events took place, this is Judicial
8 Misconduct Requiring Reversal of the Trial, [Two], these Judge Sedwick-Trial Jury Proceedings would be
9 Overt Clear Prejudice against the Defendant, No Matter the Content, of the Proceedings, Mandating
10 Dismissal of the Trial, [Ex-Parte Judge-Jury Contact can Prejudice Members of a Jury, for the Government,
11 and against a Defendant, by even any Small Attention Payed to Jury by a Federal Judge, [we simply can not
12 know how, much or little, this Ex-Parte Proceeding had on the Jury during Trial], {no Federal Judge, long
13 on the Bench, is Unaware that Ex-Parte Judge-Jury Contacts are Forbidden or why its Forbidden, or the
14 Good Reason they are Forbidden, [under any Circumstance], no Excuse can exist for this Conduct of Judge
15 Sedwick, this Requires Automatic Reversal of the Trial under Law and Fundamental Fairness}.
16    Judge Selna, is reminded that this Judge Sedwick, Issue comes before the Court do to a Media Story on
17 the Alaska, State, Prosecutors Ex-Parte Grand Jury Communications-Proceedings-Tampering, in the Alaska,
18 Court, that the Defendants Witness against Judge Sedwick, did not know this was Judicial Misconduct until
19 that Point when a Discussion was being made on the Issue before her, the Involved Alaska, Court Cases
20 were Dismissed for Ex-Parte Prosecutor-Grand Jury Proceedings-Tampering, "not do to the Content of
21 the Communications, but because the Ex-Parte Contacts Existed at all, and were Inherently
22 Prejudicial to the Defendants, this Ex-Parte Contact between State, Prosecutors and Grand Juries was
23 Ruled on its Face as Prejudicial to the Defendants, but is much Less Prejudicial that Ex-Parte
24 Federal Judge-Trial Jury Contact During this Trial), under Rule 60(b)(6), this is an Extraordinary
25 Circumstance that Supports Reversing the Judge Sedwick, Dismissal and Reversal of the Trial in Total.
26 P 6 of 12

1   Another Issue of 2255, Defendants Error, Raised by Judge Selna, is that the Defendant never
2   made Direct Appeal to Trial Errors and so can not Argue Trial Issues in 2255, Relief Action.
3   The Defendant, (Unknown or Ignored by Judge Selna), has Attempted to Raise before the Courts, from
4   Post-Trial to Date, Direct Appeal to Trial Errors, (every Appointed Attorney has Refused to Raise the Issue
5   and the Defendant has been Ignored in Every Attempt before the Courts), in this Issue of Denied Direct
6   Appeal to Trial Errors, it has becomes a 2255, Issue, by Default.
7   This Demand to Raise Direct Appeal to the Trial Errors, was Filed in Direct Appeal by Defendant, [Pro
8   Se, in Request for Late Filing for Cause, do to Refusals of Counsels to File and do the Denial of Trial
9   Records], the Trial Defense Counsel was Ordered by Defendant the Day Before Trial Ended to Prepare and
10  Make Direct Appeal, the Trial Counsel, Mr. Dieni, Agreed, then did not, then Refused to File at the
11  Defendants Repeated Orders, [Defendant has a Mr. Dieni, Letter to this Effect], Appointed Counsel Denying
12  the Defendant the Right to Direct Appeal, [Post Trial Appointed Counsel Refused to make Prepare and
13  Make, Direct Appeal], with then Judge Sedwick, in the Pro Se, Post-Trial Attempts of the Defendant to
14  make Direct Appeal, Judge Sedwick, Refusing the Filings of the Defendant for Post Trial Direct Appeal for
15  Trial Errors.
16  Judge Selna, has in his Order, Stated that no Direct Appeal was made to Trial, so Arguments by
17  the Defendant on Trial Errors are Foreclosed to the Defendant, (Defendant Attempted to make Direct
18  Appeal to the Trial Errors, "over and over," and these Efforts were Wrongfully Stopped by Appointed
19  Counsel and Judge Sedwick, Defendant does not in fact understand how the Denied Direct Appeal to
20  Trial, attempts by the Defendant, on the Record, have become that Direct Appeal was never
21  Attempted to be made, that this should Foreclose Defendant form Arguing Trial Errors and Civil Rights
22  Violations, (Defendant Understood that 2255, was in fact the Form for the Denial of the Right to Direct
23  Appeal to the Trial and to an Effective 9th. Circuit Appeal when these Rights were Denied by the Active
24  Intent of Defense Counsels and the Judges), this would Appear to the Defendant another Rule 60(b)(6),
25  Exception for Extraordinary Circumstances, [Defendant hopes its not Common for Defense Counsel to
26  Deny Direct Appeal to the Trial Ordered by their Clients, or Judges]?
27  P 7 of 12
28

1   The Bottom Line in the Judge Sedwick, Dismissal Issue, is that the Dismissal Must be Set
2   Aside for Several Reasons, but if for no other reason than the Clear Court Record Supported, Criminal
3   Denials of Court Trial Proceedings Recordings-Transcripts to the Defendant, because of this, the Post-Trial,
4   9th. Circuit Appeal and this Habeas Corpus Relief Actions, have all been a Farce and a Sham, do to the Total
5   and Abject Denials of Court Trial Records to the Defendant.
6   The Only Reasonable Reason for the Criminal Denial of Trial Records to the Defendant for some 4,
7   years, under the Reasonable Person Test, [the Reasonable Person having Knowing of the years of
8   Defendants Repeated Charges of Criminal Act by the Anchorage, Judges and the Support on the Court
9   Records], is that the Audio and Written Court Proceeding Records are Denied to the Defendant do to the
10  Criminal Evidence they Contain of the Actual Criminal Actions of the Judges and Prosecutors, [no
11  Reasonable Person with any Knowledge could Believe Otherwise]!
12
13  Judge Selna, seems to be Directing the Defendant to some argument that will prevail in the 1-17-06,
14  Court Order, and at the Same Time Understanding that the Defendant will not, get it, so Offering an
15  Attorney to the Defendant to Appeal the Judge Selna, Dismissal, the Defendant Does Not Get, it but does
16  understand the Total Denial of Legal and Civil Rights by Judge Sedwick, and the other Judges helping him..
17
18  Under Mandatary Judicial Notice.
19  We Still have before the Court, the Constitutional Question of Federal Jurisdiction before this
20  Court and Judge Selna, this Question does not under Law, Depend on any Other Issue to Require
21  Resolution, Dismissal of the 2255, does not End the Question, the Misreading by Judge Beistline, of 18
22  USC. 3231, does not End the Issue, [and this Issue was Raised in a Timely Manner before the
23  Court under Habeas Corpus Relief Action, Ruled to be the Proper Form and Venue for this
24  Question by the US. Supreme Court], and <u>Must Survive</u> even a Lawful Dismissal of 2255,
25  and no Dismissal can Exist until this Issue is Resolved do to, if no Jurisdiction Existed, no
26  Federal Crime could Exist, and the Trial cannot Survive the Lack of Jurisdiction.
27  P 8 of 12
28

1    In United States V. Bevans, 16 US (3Weat) 336 (1818), the Bevans Court stated, the court recognized the
2 principle that federal jurisdiction extends only over areas wherein it posses the power of exclusive
3 legislation...any contrary decision would destroy the purpose, intent and meaning of the entire us
4 Constitution, and Constitute "self-evident" proof of an intent upon tyranny toward the citizens of these
5 "United States", (Title 18 USC. 3231, states that Federal Jurisdiction is only Exclusive of the State Courts).
6    As to Federal Jurisdiction in this Case under 18 USC. 115, In American Jurisprudence, Second Addition,
7 "31A Am, Jur.2d Extortion, Blackmail, etc. 51, [18 USC .115], is stated,... but these offences are general
8 intent crimes rather than specific intent offences, [FN5] in which the government is not required to prove
9 that the defendant knew or intended that his threatening communication crossed a state line,
10 [FN6] or that the defendant intended his communication to be threatening, [FN7] In prosecution under these
11 statutes, the government need prove only that the defendant intentionally transmitted a
12 communication in interstate commerce., (no contention of interstate commerce, interstate
13 transmission, exist in this Case for Interstate Federal Jurisdiction, under the Commerce Clause), (it is not in
14 question that no Interstate Communication Exist for Federal Jurisdiction, none Exist).
15    In the Dismissal of Judge Beistline, in the Lack of Federal Jurisdiction Issue, (Judge Beistline, in a
16 Clear Forbidden Conflict of Interest, between a Criminal Action and a Civil Action Concurrently, Judge
17 Beistline, acting in Long V. City of Seward, USA V. Long, Long V. County, and Long V. Roberts),
18 Supported Federal Jurisdiction in this Case under Title 18 USC. 3231, Judge Beistline's, Reading on
19 the Court Record in Total as follows. {the district courts of the united states shall have original
20 jurisdiction of all offences against the laws of the united states, (This Judge Beistline, reading is in Open
21 Fraud and Obstruction of Justice, by the Intended leaving out of the Words, Exclusive of the State Courts),
22 Title 18 USC. 3231, in fact reads in Total as follows, "the district courts of the united states shall have
23 original jurisdiction EXCLUSIVE OF THE COURTS OF THE STATES, of all offences against the laws of
24 the united states," [Emphasis added], the Judge Beistline, Misreading of 3231, is Intended Fraud and can not
25 p 9 of 12

1  stand, 3231, states Clearly the Federal Government has no Jurisdiction where the State, Courts Hold
2  Jurisdiction, (that would be Anchorage, and Seward, Alaska, the contended Places of the Non-Federal
3  Crimes in this Case, no Jurisdiction, no Federal Crime, no Valid Crime).
4      In United States V. Benson, 495 F 2d 475, 481 (5th. Cir. 1974), the Court stated, "its axiomatic that the
5  prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction
6  therefore," (from Post-Trial and to Date the Prosecution has Refused, all Appointed Counsel were Ordered
7  to Argue and File a Demand for Support of Federal Jurisdiction and Refused, the Government and Court
8  Have Given Up any Jurisdiction, if they had ever had Jurisdiction, by this Refusal to Support Jurisdiction).
9      In Sweeton V Brown, 27 F 3d 1162 (6th. Cir. 1994), The Court stated, "Lack of jurisdiction cannot be
10  waved and jurisdiction cannot be conferred upon a federal court by consent, inaction of stipulation...a Court
11  lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceeding in
12  which if becomes apparent that jurisdiction is lacking," (this Judge, Regardless of the Judge Sedwick,
13  Dismissal or any Other Reason, must Dismiss in Total and Grant Total Relief to the Defendant at this Point
14  Under Mandatory Judicial Notice, and do the Refusal of the Government to Support Jurisdiction it is now
15  Foreclose in Argument).
16      In the United State V. Lopez, Justices, Thomas- Breyer, state, "the federal government has nothing
17  approaching a police power," (the18 USC. 115, the Arrest, Trial and Imprisonment of the Defendant were
18  Exercises of Police Power Within Alaska, without Federal Authority or Jurisdiction).
19      In Bowen V. Johnson, 97 F 2d 860 (9th. Cir, 1938), was Clearly Established that the <u>Lack of Federal</u>
20  <u>Jurisdiction is a 2255, Habeas Corpus Issue</u>, (this Issue was raised by the Defendant in the Proper
21  Form and Venue and before any Dismissal of any kind Existed, and Remains an Active Issue until
22  Adjudicated in Proper Form as Required by Law, as it is a Stand Alone Legal and Constitutional Issue, and
23  once Raised must be Settled by Constitutional Document, Affirmative Showing of Jurisdiction, or Dismissal
24  and Total Granting of Relief to the Defendant, the Government having Refused their Duties to Support
25  Jurisdiction, is Foreclosed now in Argument on this Issue and Judge Selna, Must Dismiss the Charges, Trial,
26  and Grant Relief as No Federal Crime Existed and Grant Full and Total Relief to the Defendant).
27  P 10 of 12
28

1  Judge Selna, can not Retain the Judge Sedwick, Dismissal or the Trial, the Original
2  Federal Charges, the Trial, the Conviction, Sentence, Imprisonment, Probation, the 9th. Circuit Appeal,
3  and/or, this 2255, Action in Good Faith, do the Lack of Federal Jurisdiction, do the Criminal and Civil
4  Rights Violations against the Defendant and the Open On Record Criminal Actions of the Court Federal
5  Government Actors, and Must Dismiss the Sedwick, Dismissal and the Trial in Total, (the Issues and Facts
6  Place this Action under your Rule 60(b)(6), Exception for Extraordinary Circumstances and Grants Judge
7  Selna, the Authority and Discretion to Dismiss the Trial, Conviction, and the Rest of the Actions and
8  Outcomes, (Under The Most Extraordinary Of Circumstances), Fundamental In-Justice,
9  Fundamental Civil Rights Violations Denial of Redress to the Defendant, the Judicial Cannon of Ethics and
10 the Sworn Oath of this Judge, to Uphold the Law, Constitution, and the Judges Requirements to Protect the
11 Rights of the Defendant as the Now Gate Keeper, Requires Action to Relieve the Defendant and to Address
12 the Falsification of Trial Transcripts and Audio Recordings, Ex-Parte Actions with the Long List of
13 Wrongful Actions in this and the Related Cases.
14
15 Defendant is still attempting to Write a New Federal Suit to File against the US. Federal Government,
16 all Judges, Prosecutors and Public Defenders Involved, to Gain the Denied Discovery, in a Suit under 1983,
17 for the Civil Rights Violations in the Denials of their Official Duties owed to the Defendant under Law, that
18 Denied Fundamental Justice to the Defendant in Criminal Conspiracy by the Government Actors in the On
19 Going Cover Up of Court Evidence Supported Crimes Committed within the Courts, [it may end in another
20 Joke on the Defendant in another Court Action to Gain Justice but what the Hell], it's a Sad thing when a
21 Citizen has to bring Suit against the Government judt to Gain Court Records do to their Denial by Federal
22 Judges as the Court Records Contain Evidence of their, "the Judges Personal Criminal Acts"!
23
24 Defendant Files a General Motions for Relief before Judge Selna, under Mandatory
25 Judicial Notice, that Judge Selna, Grant in any Form the Judge finds Effective, to Grant Relief to the
26 Defendant under, do to the Denials of Discovery, the Misconduct of the Trial Judge, Prosecutors, and
27 p 11 of 12
28

1  Appointed Counsels, the Fraud of the 9th. Circuit Appeal, [as Supported by the Docket Sheet], and the
2  Absolute Fraud in this 2255, Action, with the Total Supported Lack of Federal Jurisdiction, under
3  Extraordinary Circumstances,/// or that Judge Selna, Order All Denied Discovery Requested by the
4  Defendant Produced to the Defendant, so that the Defendant May Support the Criminal Charges against the
5  Government Actors before the Office of the US. Attorney General Office in Washington DC. to then Return
6  before the United States Federal Courts under some Form of Fairness Denied for some 8, Years Within the
7  Anchorage Federal Courts.

    Judge Selna, must Address that in this 2255, Action, Discovery has Clearly been Denied, that no Hearings on any Issue has Existed, no Issue for Relief has been Addressed, that this Relief Action before Judge Sedwick, has been, by Active Intent, a Black Hole, a Defendants Action without Outcome, no Allegation of the Defendant has ever been Effectively Rebutted by the Government, the Government has Committed Perjury in their Statements that the Defendant was Represented by Counsel at Sentencing, that no Phone Tap existed, that Government Witnesses did not Admit that Judge Sedwick, had the Ex-Parte Trial Jury Proceedings, that MJ. Roberts, did not Criminally Falsify the Long V. County, and USA, V. Long, Transcripts, if or not Federal Jurisdiction Exist, if Judge Sedwick, Committed Criminal and Judicial Misconduct Actions that Require Dismissal of all his Actions, if the Defendant has been Denied Fundamental Fairness and Civil Rights, and if in Fact a Criminal Conspiracy Exist and has Existed to Cover up Crimes Committed within the Anchorage Federal Court.

    If the Defendant has been Denied Rights in Trial, Appeal, Defendant must Understand that 2255, is the Proper Place for Relief, if Relief is to Exist at all.

I certify the above to be true and correct to the best knowledge of the Defendant under penalty of perjury.
I certify to have mailed to Prosecutor Cooper, a Copy.
Dated on 1-26-06.

P 12 of 12

Robert A. Long,    Pro Se.