**MINUTES OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

UNITED STATES OF AMERICA v. ROBERT A. LONG

THE HONORABLE JAMES V. SELNA CASE NO. 3:02-cr-0031-JVS

Deputy Clerk

Pam Richter

PROCEEDINGS: **ORDER FROM CHAMBERS**

---

Order Re Defendant Robert Long's Motion to Set Aside Trial and Motion for Subpoenas of the Trial Jury on the Matter of a Possible Ex-Parte Trial Jury Communication

Defendant Robert A. Long has brought two motions before this Court. The first motion is entitled Motion for Setting Aside Trial, Motion of Challenge of Docket No. 191-192 ("Docket No. 194 Motion"). The second motion is entitled Motion for Subpoenas of the Trial Jury on the Matter of a Possible Ex-Parte Trial Jury Communication by Judge Sedwick ("Docket No. 193 Motion"). On October 5, 2005, this Court issued two minute orders requesting the parties to set forth the procedural bases of the motions and whether the motions are actually second or successive petitions within the meaning of 28 U.S.C. Section 2255. (Docket Nos. 208, 209.) The parties have filed briefs in response to the Court's order. After reviewing these briefs, the Court has determined that both motions must be treated as successive petitions and therefore require certification by the Ninth Circuit before it can decide the motions. 28 U.S.C. § 2255, ¶ 8. The motions are therefore dismissed.

## I. BACKGROUND

On May 31, 2002, Mr. Long was convicted of three counts of threatening a federal judge in violation of 18 U.S.C. Section 115(a)(1)(B). Mr. Long appealed the conviction, which was affirmed on January 8, 2004. (United States v. Long, No. 02-30325, 83 Fed. Appx. 174 (9th Cir. 2003); Docket No.

166.) Thereafter, on November 30, 2004, Mr. Long filed a Motion for habeas corpus relief under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence on the basis of the trial judge's failure to recuse himself, ineffective assistance of counsel, prejudice due to trial in the location where the crime occurred, and lack of federal jurisdiction. (Docket No. 171.) Mr. Long also filed several motions for discovery related to this habeas corpus petition. (See Docket Nos. 174, 177, 182.) On May 6, 2005, U.S. District Judge Sedwick denied Mr. Long's habeas corpus petition. (Docket Nos. 191-192.) In that order, Judge Sedwick also denied the discovery motions which were then pending as moot. Mr. Long did not appeal the denial of his petition.

On April 7, 2005, Mr. Long was discharged from supervised release. (Docket No. 185.) Following the release and denial of the habeas petition, on May 24, 2005, Mr. Long brought the two motions that are the subject of this hearing and order.

A. Docket No. 194: Motion for Setting Aside Trial, Motion for Challenge of Docket No. 191-192

In the Docket No. 194 Motion, Mr. Long challenges Judge Sedwick's denial of his first habeas corpus petition and seeks to set aside that dismissal. Mr. Long argues, as he did in the original motion for habeas corpus, that he was denied effective assistance of counsel, that Judge Sedwick should have disqualified himself, that the venue was improper because of possible prejudice, and that the trial court did not have jurisdiction. (Docket No. 194, p. 2.) Further, Mr. Long argues that he needs discovery and affidavits to support these allegations, and that Judge Sedwick wrongfully denied him that discovery. Mr. Long attaches several affidavits by himself claiming that the record was falsified, that Judge Sedwick did not permit him access to the trial records, that defense witnesses were tampered with, that he was wrongfully denied counsel in his petition for habeas corpus relief, and that his counsel was ineffective.

B. Docket No. 193: Motion for Subpoenas of the Trial Jury on the Matter of a Possible Ex Parte Communication by Judge Sedwick

On February 16, 2005, Mr. Long filed a motion claiming that Judge Sedwick communicated with the trial jury ex-parte, that is, out of the presence of

Mr. Long and his counsel. (Docket No. 179.) That motion, along with subsequent motions for discovery of this matter, was denied. (Docket Nos. 183, 189.) In the Docket No. 193 Motion, Mr. Long again moved for permission from the Court to subpoena members of the trial jury for depositions and interrogatories on this issue. Attached to his motion are three affidavits by Ms. Tina Crump, in which Ms. Crump testified, respectively, that (1) a phone tap existed on her phone (which was the phone Mr. Long used to communicate with his attorney), (2) defense counsel refused to contact certain witnesses, refused to let Mr. Long testify, and threatened to have Mr. Long removed from the courtroom to watch the trial on television and then send him to a mental institution in Virginia, and (3) she witnessed a communication between Judge Sedwick and the trial jury regarding matters of the trial. Mr. Long also attached an affidavit by Ms. Kaye Eliason about the phone tap.

## II. LEGAL STANDARD

### A. Federal Habeas Corpus

An individual who is in a federal prison for violating a federal law can seek release from his prison sentence if he can show that the sentence was imposed in violation of the Constitution of the United States, that the court that imposed the sentence was without jurisdiction, that the sentence exceeded the maximum permitted by law, or is otherwise subject to attack. 28 U.S.C. § 2255. Habeas corpus petitions and proceedings are governed by 28 U.S.C. Sections 2241 through 2255. Section 2255 specifically applies to habeas corpus petitions by individuals in federal custody.

Under Section 2255, a petitioner may file a first petition for habeas relief without seeking leave of the court. To file a second or successive petition, the motion must be certified by the court of appeals for the circuit where the district court sits. 28 U.S.C. § 2255, ¶ 8. The United States District Court for the District of Alaska sits in the Ninth Circuit Court of Appeals. The Ninth Circuit has defined a successive motion as one where the "basic thrust or gravaman of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments." United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998). The court of appeals will certify a second or successive petition if the petition is based on newly discovered evidence that establishes innocence or a new

rule of constitutional law. 28 U.S.C. § 2255, ¶ 8. A district court cannot decide a second or successive petition without this certification. If a request for relief meets the definition of a successive petition, it matters not that the party has styled the claim as a motion in an existing proceeding. Gonzales v. Crosby, __ U.S. __, 125 S. Ct. 2641, 2647-49 (2005).[1]

An individual also has the right to appeal a denial of habeas corpus relief. 28 U.S.C. §§ 2253, 2255, ¶ 4. However, to appeal the order of denial, the individual must get a certificate of appealability from either the court of appeals or from the district judge. 28 U.S.C. § 2253. Under Federal Rule of Appellate Procedure 4(a)(1)(B), if the United States is a party, the notice of appeal must be filed within 60 days after the judgment or order is entered.

B. Rule 59

An individual may also request that the district court reconsider the judgment made after the trial (or habeas corpus proceeding) in a motion for a new trial under Federal Rule of Civil Procedure 59. Rule 59 requires that a motion for a new trial be filed no later than 10 days after the entry of judgment. Fed. R. Civ. P. 59(b). An individual may also move to amend a judgment, but this too must be filed within 10 days of the entry of judgment. Fed. R. Civ. P. 59(e).

Although a denial of habeas corpus relief is appealable, if the district court and court of appeals refuse to certify the appeal, the order of denial becomes non-appealable. In that instance, an individual may be permitted to seek reconsideration under Local Rule 59.1 of the United States District Court for the District of Alaska, which requires a motion for reconsideration to be made within five days of the order.

[1] It is common practice for a federal court to ignore the legal label a *pro se* litigants assigns to a motion and to place it within a different legal category. See e.g., United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). Courts may do so "to avoid an unnecessary dismissal," "avoid inappropriately stringent application of formal labeling requirements," "or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Castro v. United States, 540 U.S. 375, 381 (2003).

C. Rule 60(b)

An individual whose habeas corpus petition has been denied can seek relief from the order under Federal Rule of Civil Procedure 60(b). Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment, order, or proceeding for many reasons, including "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial" or (6) any other reason justifying relief from the operation of the judgment. If the motion is made on the grounds of new evidence under Rule 60(b)(2), the motion must be made within one year of the judgment, order, or proceeding. Fed. R. Civ. P. 60(b). If the motion is based on Rule 60(b)(6), the moving party must show extraordinary circumstances justifying the reopening of the order. Ackermann v. United States, 340 U.S. 193, 199 (1950).

If the Rule 60(b) motion for relief from an order denying habeas corpus is also based on facts that are grounds for a claim for relief from the conviction, the Rule 60(b) motion must be treated as a successive motion. As a result, Section 2255 will apply, and the petition must be certified. Gonzalez, 125 S. Ct. at 2647-48; Hamilton v. Newland, 274 F.3d 822, 824 (2004). On the other hand, if the Rule 60(b) motion is based on the "integrity of the federal habeas proceedings," - in other words, the motion is based on a problem with the habeas proceeding itself and not the underlying trial or conviction - then Section 2255 will not apply and the district court can hear the motion without certification. Gonzalez, 125 S. Ct. at 2648.

III. DISCUSSION

A court must determine if it is allowed to rule on a Section 2255 motion before it actually rules on the motion. In this case, whether this Court can rule on the two motions brought by Mr. Long depends on what type of motions Mr. Long has filed. The reason for this is that an individual is only permitted to file one habeas corpus petition without the certification of the court of appeals. 28 U.S.C. § 2255. To file additional habeas corpus motions, the petitioner must request certification from the court of appeals. (Id.) There is no doubt that the document filed at Docket Number 171 dated November 30, 2004 was a motion for habeas corpus relief under 28 U.S.C. Section 2255. The motion is captioned as such and is actually a form filled out by Mr. Long stating the procedural history of

the case and the grounds for relief. (Docket No. 171.) Because Mr. Long has already filed this motion, the Court must determine what types of motions Mr. Long filed at Docket Numbers 193 and 194, and based on that characterization, determine if the Court is allowed to decide the motion.

A. Docket No. 194: Motion for Setting Aside Trial, Motion for Challenge of Docket No. 191-192

In its opposition to Docket No. 194, the United States argues that the Docket No. 194 Motion raises no new issues and merely raises some new facts that go to the same grounds Mr. Long argued for in his original habeas petition. (Docket No. 220, pp. 3-4.) On the other hand, in response to the Court's order to address the procedural grounds for the motion, Mr. Long argues procedural defects in the trial relating to his arrest, jurisdiction of the trial court, and other alleged due process violations. (Docket No. 215.)

As mentioned above, the first task for the Court is to determine what kind of motion the Docket No. 194 Motion is. The Docket No. 194 Motion may be a motion for reconsideration under Federal Rule of Civil Procedure 59, an appeal of the habeas corpus petition at Docket Number 171, a motion for a relief from judgment or order under Federal Rule of Civil Procedure 60(b), or a second motion for habeas corpus relief under 28 U.S.C. Section 2255.

i. Rule 59

In order for the Docket No. 194 Motion to be a motion for reconsideration of the judgment in the underlying trial under Federal Rule of Civil Procedure 59, Mr. Long would have had to make the motion within ten days of the entry of judgment. The Docket No. 194 Motion was filed on May 24, 2004.

Although Rule 59 would not ordinarily be used to reconsider a denial of habeas corpus relief, if the denial was not certified and thus non-appealable, Mr. Long would have only five days to file for reconsideration under Local Rule 59.1. The Order from Chambers denying relief under 28 U.S.C. Section 2255 was issued on May 6, 2005. Clearly, if the Docket No. 194 Motion is a motion for reconsideration under Rule 59, it is too late. The Court therefore determines that the Docket No. 194 Motion is not a motion for reconsideration under Rule 59.

ii. Rule 60(b)

As mentioned above, an individual whose habeas corpus petition has been denied can also seek relief under Federal Rule of Civil Procedure 60(b). Under Rule 60(b)(6), an individual may seek relief for any reason justifying relief from the order.[2] The Supreme Court has required that an individual seeking relief on this ground show "extraordinary circumstances" justifying the reopening of the order. Ackermann, 340 U.S. at 199. The extraordinary circumstances, however, must relate to the actual habeas corpus proceeding and not the underlying trial. If the grounds of the Rule 60(b) motion relate to the underlying trial, the motion will be treated as a second habeas corpus petition. Gonzalez, 125 S. Ct. at 2647-48. On the other hand, if grounds of the Rule 60(b) motion is based on the habeas corpus proceeding itself, the court will treat it as a Rule 60(b) motion. Id.

In the Docket No. 194 Motion, Mr. Long explicitly re-raises all the grounds he raised in his first motion for habeas corpus relief. Although Mr. Long may raise some new facts, his complaints relate to the underlying trial and not to the habeas corpus proceeding. In fact, the entire Docket No. 194 Motion is an opposition to the arguments Judge Sedwick made in his order. It is not a complaint about the proceeding itself. Furthermore, Mr. Long's demands for discovery relate to the challenges he made about his trial. They too are not complaints about the habeas corpus proceeding itself. Because Mr. Long has already filed one habeas corpus petition and because the Docket No. 194 Motion raises complaints about the trial, the Court finds that it must treat the Docket No. 194 Motion as a successive petition for habeas corpus relief and apply 28 U.S.C. Section 2255.

iii. 28 U.S.C. § 2255: Federal Habeas Corpus

As mentioned above, under 28 U.S.C. Section 2255, to file a second or successive petition, the motion must be certified by the court of appeals where the district court sits. 28 U.S.C. § 2255, ¶ 8. The district court is not allowed to

decide the merits of the successive motion without certification by the court of

[2] Rule 60(b)(2) would not apply to the Docket No. 194 Motion because Mr. Long raises no new grounds in this motion. Rule 60(b)(2) is reserved for instances of new evidence. Mr. Long does not raise any new evidence in the Docket No. 194 Motion.

appeals. In the Ninth Circuit, a successive motion is one that raises the same basic legal claim as the prior petition, even if it presents new arguments. Allen, 157 F.3d at 664. Because the Docket No. 194 Motion raises the same claims as Mr. Long's first habeas corpus petition, the Docket No. 194 Motion must be treated as a successive motion and must be certified by the Ninth Circuit before this Court can decide the merits of the Motion. Mr. Long has not sought certification by the Ninth Circuit. As a result, this Court is not permitted to decide the Docket No. 194 Motion. The Motion is therefore dismissed.

B. Docket No. 193: Motion for Subpoenas of the Trial Jury on the Matter of a Possible Ex Parte Communication by Judge Sedwick

In its opposition to the Docket No. 193 Motion, the United States argues that this too is a successive motion for habeas corpus relief and that therefore Mr. Long requires certification from the Ninth Circuit to proceed. (Docket No. 224, pp. 7-8.) Mr. Long, however, argues that it is not a successive motion but rather it is a request for discovery. (Docket No. 214, pp. 2, 4.)

As above, the Court must characterize the Docket No. 193 Motion in order to determine whether it is allowed to decide the motion. In order to be granted the right to conduct discovery on a particular matter, there must be an underlying matter for which discovery is requested. Although facially the Docket No. 193 Motion is a discovery motion, it requests discovery relating to previous motions that request the court to set aside the trial because of the alleged ex-parte communications. (Docket Nos. 176, 184, 206.) The Court may only allow discovery if it could be allowed to hear a motion to set aside the trial. Therefore, the Court must determine if it is allowed to decide the motion to set aside the trial because of alleged the ex-parte communication. For this reason, the Court will treat the Docket No. 193 Motion as a motion to set aside the trial based on the alleged ex-parte communication and a motion for discovery related to that.

i. Rule 59

Mr. Long does seek to set aside the trial because of the alleged ex-parte communications. In order for the Docket No. 193 Motion to be a motion for reconsideration under Federal Rule of Civil Procedure 59, Mr. Long would have

had to make the motion within 10 days of the entry of judgment. The Docket No. 193 Motion was filed on May 24, 2004. Although Rule 59 would not ordinarily be used to reconsider a denial of habeas corpus relief, if the denial was not certified, and therefore not appealable, Mr. Long would have only five days to file for reconsideration under Local Rule 59.1. The Order from Chambers denying relief under 28 U.S.C. Section 2255 was issued May 6, 2005. Clearly, if the Docket No. 193 Motion is a motion for reconsideration under Rule 59, it is late.

ii. Rule 60(b)

As mentioned above, under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding for many reasons, including "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial" or (6) any other reason justifying relief from the operation of the judgment. If the motion is made on the grounds of new evidence, the motion must be made within one year of the judgment, order, or proceeding. Fed. R. Civ. P. 60(b). If the motion is based on Rule 60(b)(6), the moving party must show extraordinary circumstances justifying the reopening of the order. Ackermann, 340 U.S. at 199.

In the Docket No. 193 Motion and related motions, Mr. Long raises the new claim of ex parte communications. If these motions are Rule 60(b)(2) motions for relief from the trial because of the new evidence of ex-parte communications, the Court would have to deny the motion as untimely because even the first motion relating to ex-parte communications was more than one year after the entry of judgment.[3] If the Docket No. 193 Motion is a Rule 60(b)(2) motion for relief from the order denying the first habeas corpus petition, it is a claim of new evidence relating to a problem with the underlying trial, and therefore, must be treated as successive motion. Gonzalez, 125 S. Ct. at 2647; Hamilton, 374 F.3d at 824.

---

[3] The motion at Docket No. 176, entitled Motions for Statement on the Ex-Parte Jury Communication by Judge Sedwick on 5-31-02; Motion for Disqualification of Judge Sedwick; Motion for Setting Aside Trial, was filed on February 16, 2005, well over a year from the entry of judgment.

Similarly, if the Docket No. 193 Motion is a Rule 60(b)(6), "extraordinary circumstances" justifying the reopening of the order, Ackermann, 340 U.S. at 199, must relate to the actual habeas corpus proceeding to be treated as a Rule 60(b)(6) Motion. If the grounds of the Rule 60(b) motion relate to the underlying trial, however, the motion will be treated as a second habeas corpus petition. Gonzalez, 125 S. Ct. at 2647-48.

In the Docket No. 193 Motion, Mr. Long raises a new claim that relates to the trial: namely, that Judge Sedwick made an ex-parte communication to the trial jury during the trial. The Docket No. 193 Motion is not a claim regarding the actual habeas corpus proceeding. Therefore, the Court must treat the Docket No. 193 Motion as a successive habeas petition and 28 U.S.C. Section 2255 applies. Gonzales, 125 S. Ct. at 2651.

iii. 28 U.S.C. § 2255: Federal Habeas Corpus

As mentioned above, under 28 U.S.C. Section 2255, to file a second or successive petition, the motion must be certified by the court of appeals where the district court sits. 28 U.S.C. § 2255, ¶ 8. The district court is not allowed to decide the merits of the successive motion without certification by the court of appeals. The Docket No. 193 Motion is a successive motion because it is a new claim for relief from the conviction, this time based on alleged ex-parte communication. Mr. Long has not sought certification by the Ninth Circuit; therefore, this Court is not permitted to decide the Docket No. 193 Motion. The Motion is therefore dismissed.[4]

C. Motions to the Court, Response to the Court, Mandatory Judicial Notice on Issues, Motion for Dismissals

[4] The Court declines the Government's request to adjudicate the claim of ex-parte contact on the merits. (See Government Opposition to Docket No. 193 Motion, p. 8.) First, the absence of a certificate from the Ninth Circuit precludes such consideration. Second, even if the Court were to do so, it would only proceed after an evidentiary hearing. The Government has offered two hearsay declarations which have obvious evidentiary deficiencies, and which deny Mr. Long a fair opportunity to cross-examine.

In response to Mr. Long's apparent misunderstanding of the tentative nature of the Court's Tentative Order on January 10, 2006, the Court granted Mr. Long additional time to comment on the Tentative Order. (Minute Order, Jan. 23, 2006.) As response to this extension of time, Mr. Long filed the Motions to the Court, Response to the Court, Mandatory Judicial Notice on Issues, Motion for Dismissals on January 30, 2006 ("January 30, 2006 Motion"), in which Mr. Long argues that the failure to appoint counsel for the original habeas corpus proceeding is an extraordinary circumstance that warrants a reconsideration of the Order from Chambers (Docket Nos. 191-192), denying habeas corpus relief. (January 30, 2006 Motion, pp. 3-4.) The decision to grant or deny reconsideration is within the discretion of the court. Savarese v. Edrick Transfer & Storage, Inc., 513 F.2d 140, 146 (9th Cir. 1975).

Although the Court agrees that the failure to appoint counsel is a problem that relates to the actual habeas corpus hearing, the Court does not consider it to rise to the level of extraordinary circumstances as required in Ackermann. First, the Supreme Court has held that habeas corpus petitioners have no constitutional right counsel for their habeas corpus proceedings. Coleman v. Thompson, 501 U.S. 722, 752-53 (1991). Second, when habeas petitioners are represented by counsel and then move for reconsideration on the grounds that counsel was ineffective, the standard to apply is whether the counsel abandoned his client or otherwise prevented the client from being heard. Harris v. United States, 367 F.3d 74, 77 (2nd Cir. 2004). Given that Mr. Long has no constitutional right to counsel combined with the fact that Mr. Long did have an opportunity to be heard on the merits of the original habeas petition, the Court finds that Mr. Long's pro se status and the denial of counsel by the District Court for the District of Alaska do not rise to the level of extraordinary circumstances. Accordingly, the January 30, 2006 Motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the Docket No. 194 Motion and the Docket No. 193 Motion are dismissed.

DATE: February 10, 2006

INITIALS: prr
Deputy Clerk

[FORMS*IA*]