Roman E. Darmer II (Bar No. 212578)
HOWREY LLP
2020 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 721-6900
Facsimile: (949) 721-6910
Email: darmerr@howrey.com

Attorneys for Defendant
ROBERT A. LONG

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT A. LONG, <br><br> Defendant. | Case Nos. <br> 3:02 CR-00031-JVS; <br> 3:04 CV-00286-JWS <br><br> **DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE** <br><br> Judge: Hon. James V. Selna <br><br> Date: None <br> Time: None <br> Ctrm: None |

## I.   INTRODUCTION

Defendant Robert A. Long, through appointed counsel, respectfully submits that the Court erred in denying Docket No. 194 on the grounds that it is a successive petition for habeas corpus rather than a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) on his initial *pro se* habeas corpus motion pursuant to 28 U.S.C. § 2255. Accordingly, it was premature to dismiss the eleven motions summarized on Exhibit A to the February 10, 2006 Order to Show Cause ("OSC"). Because the trial court presiding over the habeas corpus proceeding should have recused himself from hearing the Section 2255 motion and should have vacated his prior ruling on the Section 2255 motion when he ultimately did recuse himself with respect to Docket Nos. 193 and 194, this Court should grant the requested relief under Rule 60(b)(6) and proceed to adjudicate the section 2255 motion with the "fresh look" of an independent judicial officer unencumbered by any potential conflicts of interest or the consequent risk of the appearance of impropriety that unfortunately burdened the trial judge given the unique facts and circumstances of this case.

## II.   BACKGROUND

On September 27, 2002, Mr. Long was convicted of three counts of threatening to assault a federal judge. Docket No. 84. The trial judge denied post-trial motions raising the issue that the trial judge ought to have recused himself. Docket Nos. 118-120. Mr. Long appealed but did not raise the recusal issue. The Ninth Circuit affirmed the conviction. *United States v. Long*, 83 Fed. Appx. 174 (9th Cir. 2003). Proceeding *pro se*, Mr. Long raised the recusal issue, among several others, in his post-trial motion pursuant to Section 2255. Docket No. 167. The trial court declined to appoint counsel to represent Mr. Long on his Section 2255 motion and denied the Section 2255 motion in all respects. Docket No. 191. Mr. Long filed the instant motions on March 24, 2005.

On May 31, 2005, the trial judge ultimately recused himself from considering Docket Nos. 193-194 and referred the matters to the Honorable H. Russel Holland of

HOWREY LLP

-1-
DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE
Case No.  3:02 CR-00031-JVS; 3:04 CV-00286-JWS
Error! Unknown document property name..v5

this District for determination.  Docket No. 195.  On August 1, 2005, Judge Holland recused himself and declined to rule on the instant motions.  Docket No. 199.  The motions were then reassigned to the Honorable Ralph R. Beistline.  Docket No. 199.  On August 8, 2005, Judge Beistline agreed with Judge Holland and recused himself with respect to the instant motions.  Docket No. 201.

On August 18, 2005, by order of the Chief Judge of the U.S. Court of Appeals for the Ninth Circuit, the Hon. James V. Selna of the Central District of California was designated to perform duties in the District of Alaska, and all further proceedings in this matter were assigned to him.  Docket No. 204.

On February 10, 2006, the Court entered an Order denying Docket Nos. 193 and 194 and the OSC directing Mr. Long to show cause why 11 other pending motions should not be denied given the ruling on Docket Nos. 193-194.  The Court appointed CJA counsel for Mr. Long to respond to the OSC and graciously granted extensions of time until October 6, 2006 to file a response.

### III.  ARGUMENT

#### A.  The Court Should Have Deemed Docket No. 194 As A Motion For Relief From Judgment Pursuant To Fed. R. Civ. P. 60(b)(6).

For all the reasons set forth below, the Court erroneously concluded that Docket No. 194 should be treated as a successive petition for habeas corpus release under 28 U.S.C. § 2255 rather than a request from a final order or judgment pursuant to Fed. R. Civ. P. 60(b)(6), and thus prematurely proposes to dismiss the eleven pending motions related to Docket No. 194.[1]

---

[1] As the Court acknowledged in its February 10, 2006 Order, the decision whether to grant or deny reconsideration is within the discretion of the court. *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir. 1975).  Reconsideration is particularly appropriate where, as here, Mr. Long was proceeding *pro se* until after the Court's February 10 order.

### 1. Application of Fed. R. Civ. P. 60(b)(6).

Rule 60(b) provides in pertinent part that "on motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The Supreme Court has long since recognized that Rule 60(b)(6) provides district courts with authority "[A]dequate to enable them to vacate judgments *whenever* such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949) (emphasis added). The courts have also held that in order to invoke the relief accorded by Rule 60(b)(6), a party must generally show extraordinary circumstances entitling it to relief. *Ackerman v. United States*, 340 U.S. 193, (1950); *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988). Moreover, the Court must also weigh "the risk of undermining the public's confidence in the judicial process" in determining whether to grant relief under Rule 60(b)(6). *Liljeberg*, 486 U.S. at 864.

It is also well-settled that due process requires an impartial decision-maker in any proceeding. *Ward v. Village of Monroeville*, 409 U.S. 57, 62 (1972). *See also* 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2857, at 254-57 (2d ed. 1995) ("A number of cases say that discretion ordinarily should incline *toward granting* rather than denying relief [under Rule 60(b)(6)], especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue. The policy of the law to favor a hearing of a litigant's claim on the merits must be balanced against the desire to achieve finality in litigation.") (footnotes omitted) (emphasis added). For this reason, a claimed defect in the proceeding itself justifies relief under Rule 60(b)(6) without a showing regarding the correctness of the outcome of the proceeding. *Liljeberg*, 486 U.S. at 870 (mere fact that district court had in fact handled the case impartially and had no actual knowledge at the time of his failure to

HOWREY LLP

-3-
DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE
Case No. 3:02 CR-00031-JVS; 3:04 CV-00286-JWS
Error! Unknown document property name..v5

recuse himself of the potential conflict of interest is irrelevant to the availability of relief under Rule 60(b)(6)); *Whaley v. Rudman*, 887 F.2d 976, 979 (9th Cir. 1989) (relief under Rule 60(b)(6) was appropriate even though claims that judge "rubber stamped" a settlement agreement were focused on conveying that an improper procedure had been used rather than a showing of a biased or incorrect outcome.).

### 2. Recusal Under 28 U.S.C. § 455(a).

Recusal of federal judges is governed by 28 U.S.C. § 455(a), which provides in pertinent part that a "[J]udge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Although 28 U.S.C. § 144(c) continues to provide for recusal upon an affidavit submitted by a party, Congress rewrote section 455 in 1974 for the specific purpose of "[B]roaden[ing] and clarify[ing] the grounds for judicial disqualification." *Liljeberg*, 486 U.S. at 849. Under section 455(a), a judge is under an affirmative, self-enforcing obligation to recuse himself *sua sponte* whenever the proper grounds exist. *Id.* In essence, section 455 did away with the older "duty to sit" doctrine and *requires* judges to resolve any doubts they may have in favor of disqualification. *Id.* at 871. *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987).

The essential purpose of section 455 is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible. *Liljeberg*, 486 U.S. at 861. Neither "actual partiality" nor knowledge of the disqualifying circumstances on the part of the judge during the affected proceeding are prerequisites to disqualification under this section. Rather, the duty of recusal applies equally before, during, and after a judicial proceeding whenever disqualifying circumstances become known to the judge. *Id.* at 860-61. The standard for recusal under section 455(a) is "whether an objective, disinterested, lay observer, who is fully informed of facts underlying grounds on which

recusal was sought, would entertain significant doubt about the judge's impartiality.[2] *United States v. Kelly*, 888 F.2d 732, 744-45 (11th Cir. 1989). Put another way, it is enough that the average layperson would have doubts about any judge's impartiality under these circumstances, regardless of what result was reached. *Id*. at 745.

While recognizing that Rule 60(b)(6) is not "categorically available nor categorically unavailable for all 455(a) violations," the Supreme Court has provided a non-exclusive list of factors to be considered by the lower courts in deciding when it is available. "We conclude that in determining whether a judgment should be vacated [under Rule 60(b)(6)] for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id*. at 864. The lower courts have concluded that these factors constitute a non-exclusive list of equitable considerations, which courts may use along with other established equitable precepts, to guide sound and wise exercise of judicial discretion in deciding Rule 60(b)(6) motions based on section 455(a). *United States v. O'Keefe*, 169 F.3d 281, at 287 (5th Cir. 1999).

### 3. Timing for Relief Under Rule 60(b)(6).

While a judge's failure to recuse himself can be raised at various points in a litigation, it is equally settled that if the conflict of interest is disclosed only after a judgment becomes final, the judgment can nevertheless be set aside pursuant to Rule

---

[2] Under either section 144 or 455, recusal is only warranted if the allegations of bias or prejudice arise from "extrajudicial" sources, not from the judge's performance while presiding over the case at issue. *See, e.g.*, *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Here, the extrajudicial source requirement is clearly met because the disqualifying conduct relates to the trial judge's status as a member of a small bench of a few federal judges sitting in the same geographic location as both of the victims of Mr. Long's offense of conviction.

HOWREY LLP

-5-
DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE
Case No. 3:02 CR-00031-JVS; 3:04 CV-00286-JWS
Error! Unknown document property name..v5

60(b)(6). [3] *Liljeberg*, 486 U.S. at 863; *United States v. State of Washington*, 98 F.3d 1159, 1164 (9th Cir. 1996). "Since Rule 60(b) is remedial in nature, it must be liberally applied." *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991); *accord In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993). Section 455 "[i]mposes . . . no duty on the parties to seek disqualification, *nor any time limits* within which disqualification must be sought." *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1115 (5th Cir. 1980) (emphasis added). The absence of any time limit is consistent with the purpose of section 455, which applies retroactively as well as prospectively, and requires a judge, upon discovering that he performed a discretionary judicial act under circumstances that would cause an objective observer to question his impartiality, to rectify an oversight and to take steps necessary to maintain public confidence in the impartiality of the judiciary. *Liljebert*, 486 U.S. at 860-61; *see also O'Keefe*, 169 F.3d at 289; *Moody v. Simmons*, 858 F.2d 137 (3d Cir. 1988).

### 4. Applicability of Rule 60(b)(6) in This Case.

Here, the relief requested in Docket No. 194 relates directly to the "integrity of the federal habeas proceeding" itself inasmuch as it relates to whether the trial judge should have earlier recused himself from presiding over the proceeding or vacated the judgment in the 2255 proceeding once he determined to recuse himself from deciding the instant motions. This Court should thus have concluded that section 2255 does not apply and proceeded to hear the Rule 60(b)(6) motion without requiring any prior certification by the Court of Appeals.

As a preliminary matter, it is undisputed that Mr. Long filed his Section 2255 motion on November 30, 2004, without the assistance of counsel, despite numerous requests that counsel be appointed. Docket No. 171. It is also undisputed that, despite

---

[3] *Yagman v. Republic Ins.*, 987 F.2d 622, 626-27 (9th Cir. 1993) (failure to recuse raised on direct appeal); *In re Cement Antitrust Litigation* (MDL No. 296), 673 F.2d 1020, 1025 (9th Cir. 1982) (failure to recuse raised by petition for writ of mandamus).

HOWREY LLP

-6-
DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE
Case No. 3:02 CR-00031-JVS; 3:04 CV-00286-JWS
Error! Unknown document property name..v5

his unusually prolific output of memoranda and motion papers, Mr. Long is not a lawyer and has not had any legal training or experience. Even cursory review of the docket in this matter or the 11 pending motions demonstrates this fact. As this Court also recognized in its February 10, 2006 Order, it is common practice for federal courts to ignore the legal label a *pro se* litigant assigns to a motion and to place it within a different legal category for a variety of equitable reasons, including but not limited to "creat[ing] a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *See, e.g., Castro v. United States*, 540 U.S. 375, 381 (2003); *United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir. 1990); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

Given the facts and circumstances related to the recusal issue, the complexity of the law in this area and Mr. Long's repeated requests for legal assistance, it is hardly surprising that Mr. Long was not able to articulate with precision the manner in which the recusal issue infected the integrity of the habeas corpus proceeding.

Nevertheless, the issue of the Court's failure to appoint counsel to assist Mr. Long in the habeas corpus proceeding clearly relates to the integrity of that proceeding. While that issue standing alone might not constitute the "extraordinary circumstances" necessary to obtain relief under Rule 60(b)(6), *Ackerman*, 310 U.S. at 199-200, it is certainly a factor to be considered when the failure to appoint counsel is considered in the context of the intended operation under section 455(a) and the case law interpreting it.[4] Specifically, while the Supreme Court has held that habeas corpus petitioners have

---

[4] This Court's discussion of whether the trial judge's failure to appoint counsel in the habeas corpus proceeding constituted "extraordinary circumstances" was incomplete in two important respects. First, this case is distinct from *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) inasmuch as Mr. Long has never had the benefit of counsel to assist him brief the recusal issue. Second, any "opportunity to be heard" on the recusal issue either on post-trial motions or in the first habeas proceeding was totally flawed by the participation of a trial judge laboring under a potential conflict of interest, a potential that was later acknowledged by the recusal of the trial judge from hearing the instant motions, as well as the recusal of the other active judges within the same district on the same basis. *See* Docket Nos. 195, 199, and 201. These facts cumulatively rendered Mr. (Continued...)

1  no constitutional right to court-appointed counsel for their habeas corpus proceedings,
2  *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991), Mr. Long should nevertheless
3  have had counsel appointed to assist him given the nature of the underlying charges ─
4  making threats to federal judges; the undeniably small size of the federal bench in the
5  District of Alaska and the single geographic location of all these judges and the victims
6  of Mr. Long's offense;[5] and the undeniable sensitivity of asserting recusal claims under
7  section 455 against a trial judge assigned to his case for any party, much less a *pro se*
8  habeas petitioner.  This is particularly so in light of the fundamental intent of Section
9  455 and the cases interpreting it to avoid "the risk of undermining the public's
10 confidence in the judicial process." *Liljeberg*, 486 U.S. at 863-64.

11        As noted above, under section 455(a), grounds for a judge to disqualify himself
12 arise "[W]henever his impartiality might reasonably be questioned; and, even if the
13 judge was not aware of the circumstances creating an appearance of partiality when it
14 occurred, once he realizes that the impropriety existed he is called upon to take steps
15 necessary to maintain public confidence in the impartiality of the judiciary; . . . "
16 *O'Keefe*, 169 F.3d at 289, citing *Liljeberg*, 486 U.S. at 860-61.  For this reason, the trial
17 judge in this habeas proceedings should have considered disqualifying himself
18 retroactively and to vacate any orders entered during the time that a reasonable person
19 would harbor doubts about the judge's impartiality.  *Id*.  Here, not only did the trial
20 judge ultimately determine to recuse himself with respect to Docket Nos. 193 and 194,

---

(...Continued)
Long's habeas proceeding hopelessly, compromised and precluded any meaningful right to be heard.  As such, the facts here do rise to the level of extraordinary circumstances under *Ackerman, Liljeberg* and their progeny.

[5] The United States District Court for the District of Alaska is currently comprised of three active District Judges and four senior District Judges, all based in Anchorage.  These Article III judges are assisted by one full-time magistrate judge based in Anchorage.  Four part-time magistrate judges are located in other cities within the District of Alaska.  *See* www.akd.uscourts.gov.

HOWREY LLP

-8-
DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE
Case No.  3:02 CR-00031-JVS; 3:04 CV-00286-JWS
Error! Unknown document property name..v5

but so did two other judges in the same district. Docket Nos. 199, 201. Given that the purpose of section 455(a) is to avoid even the appearance of impropriety, and thus must be applied retroactively upon such a determination that recusal is warranted, the trial judge should have recused himself retroactively and also vacated the judgment on Mr. Long's Section 2255 motion in order to comply with the spirit and intent of section 455(a).[6]

Granting relief under Rule 60(b)(6) in this case would not cause injustice to the parties in the case or cause an undue windfall to third parties. First, it is undisputed that Mr. Long has fully satisfied the sentence imposed upon him for the underlying crime. Indeed, he has completed both his term of imprisonment and has been discharged from his term of supervised release following that term of imprisonment. *See* Docket No. 176. As a result, the government's interest in obtaining and protecting its conviction, as well as ensuring that convicted defendants complete their punishments, has been fully satisfied here. Second, as in *Liljeberg*, the risk of injustice in upholding a judgment in a Section 2255 proceeding that is tainted by a potential appearance of impropriety is far greater than allowing a new judge to "take a fresh look" at the issues. *Id.* The Supreme Court has repeatedly stressed that "[d]ismissal of a *first* federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Gonzales*

---

[6] Nor does *Reed v. Farley*, 512 U.S. 339 (1994), the only case cited in the trial court's order denying Mr. Long's section 2255 motion on the recusal issue, require a different result. Docket No. 192. *Reed*, which arose under section 2254, held that a state court's failure to observe the 120-day speedy trial rule of the Interstate Agreement on Detainers is not cognizable on federal habeas review when the defendant registered no objection to the offending trial date when it was set and thus suffered no prejudice attributable to the delay. For all the reasons demonstrated herein, the Court should treat the instant matter as a motion pursuant to Fed. R. Civ. P. 60(b)(6), not a section 2255 motion. Even if a habeas-specific "cause and prejudice" analysis did apply here, in contrast with *Farley*, Mr. Long did timely raise the recusal issue in post-trial motions, raised it again in his Section 2255 motion, and clearly suffered harm because of the fundamental defect arising from the trial judge's failure to recuse under section 455(a) until *after* rendering judgment on the section 2255 motion.

HOWREY LLP

-9-
DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE
Case No. 3:02 CR-00031-JVS; 3:04 CV-00286-JWS
Error! Unknown document property name..v5

*v. Crosby*, 125 S. Ct. 2641, 2653 (2005) (emphasis in original).  Indeed, because Mr. Long has completed his sentence in full, there are few remedies available to the Court even if it were to grant relief under Rule 60(b)(6) and reconsider this Section 2255 motion.  Thus, there is no special hardship resulting from the government's reliance on the original judgment in this case sufficient to preclude the relief sought under Rule 60(b)(6).  Nor would granting the relief sought under Rule 60(b)(6) here result in injustice to litigants in other cases, particularly given the highly fact-specific nature of this case.  *Liljeberg*, 486 U.S. at 868 (granting relief may *prevent* injustice in future cases by encouraging litigants and judges to more carefully examine possible grounds for disqualification) (emphasis added).

In sum, given the highly unusual set of facts here ─ an underlying case involving physical threats to federal judges; a presiding judge in an undeniably small district court comprised of only seven district judges, including two of the victims, all at whom are located in the same courthouse; allegations relating to the ability of the trial judge to be impartial under those circumstances, and the ultimate recusal shortly after rendering the judgment in the habeas proceeding ─ it is extremely unlikely that granting a 60(b)(6) motion here would somehow open the floodgates to similar or "copy cat' litigation.  Of course, the mere fact that other similarly situated litigants may in the future seek the same or similar relief should not preclude Mr. Long from obtaining any relief to which he may be entitled in his case.

### 5. The Order To Show Cause Re: 11 Pending Motions.

As demonstrated above, inasmuch as the Court erroneously concluded Docket No. 194 to be a successive petition for writ of habeas corpus requiring certification rather than a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6); or raise new issues which are tantamount to a second or successive petition which requires prior certification of the Ninth Circuit under 28 U.S.C. §2255 ¶8, or seeks relief

HOWREY LLP

-10-
DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE
Case No.  3:02 CR-00031-JVS; 3:04 CV-00286-JWS
Error! Unknown document property name..v5

ancillary to a claim first certified by the Circuit, it erred.[7] The Court thus prematurely propose to dismiss the eleven pending motions summarized in Exhibit A to the February 10, 2006 Order to Show Cause.

## IV. CONCLUSION

For all the foregoing reasons, Mr. Long respectfully requests that the Court reconsider its February 10 Order, rule that Docket No. 194 be treated as a motion pursuant to Fed. R. Civ. P. 60(b)(6) for relief from judgment in the habeas proceeding, vacate the order dismissing the judgment at (Docket No. 191) on the habeas petition and review the arguments asserted in that motion with the "fresh look" contemplated by Section 455 and *Liljeberg*.[8] To the extent that the issues raised in the eleven (11) pending motions may be resolved in connection with the decision on the Section 2255 motion, the Court should forbear dismissal of them at this juncture.

Dated:  October 2, 2006

Respectfully submitted,

HOWREY LLP

  s/   Roman E. Darmer II
Howrey LLP
2020 Main Street, Suite 1000
Irvine, CA  92614
Phone:  (949) 759-3950
Fax:  (949) 721-6910
E-mail:  darmerr@howrey.com
CA State Bar No. 212578

---

[7] Virtually all of the motions summarized on Exhibit A relate to issues raised in Mr. Long's Section 2255 motion as indicated by the trial court's cursory ruling on each. *See* Docket No. 191, at 2-3.

[8] The Court should also consider exercising its discretion to permit Mr. Long, through appointed counsel, to rebrief the issues asserted in his habeas petition in order to more precisely articulate the legal underlying basis for the claims and to ensure a complete record on appeal.

-11-
DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE
Case No.  3:02 CR-00031-JVS; 3:04 CV-00286-JWS
Error! Unknown document property name..v5

HOWREY LLP

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2006, a copy of the foregoing document DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE was served electronically and by regular U.S. mail upon the following:

**ELECTRONIC & U.S. MAIL**
Mr. Robert A. Long
xtrapper@msn.com
P. O. Box 3526
Seward, Alaska  99664

Daniel R. Cooper, Jr., Esq.
Assistant U.S. District Attorney
Federal Building and U.S. Courthouse
222 West Seventh Avenue #9
Room 253
Anchorage, AL  99513-7567
daniel.cooper@usdoj.gov

**U.S. MAIL**
Honorable James V. Selna
U.S. District Judge
Central District Court of California
Ronald Reagan Federal Bldg.
 and U.S. Courthouse
411 West Fourth Street, 8th Floor
Santa Ana, CA  92701

By:  s/ Roman E. Darmer II

HOWREY LLP

-12-
DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE
Case No.  3:02 CR-00031-JVS; 3:04 CV-00286-JWS
**Error! Unknown document property name.**.v5

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND ......................................................................................................... 1

III. ARGUMENT ............................................................................................................... 2

    A. The Court Should Have Deemed Docket No. 194 As A Motion For Relief From Judgment Pursuant To Fed. R. Civ. P. 60(b)(6). ................................................................................................. 2

        1. Application of Fed. R. Civ. P. 60(b)(6). ............................................... 3

        2. Recusal Under 28 U.S.C. § 455(a) ....................................................... 4

        3. Timing for Relief Under Rule 60(b)(6). ............................................... 5

        4. Applicability of Rule 60(b)(6) in This Case. ....................................... 6

        5. The Order To Show Cause Re: 11 Pending Motions. ........................................................................................... 10

IV. CONCLUSION .......................................................................................................... 11

i

DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE
Case No.  3:02 CR-00031-JVS; 3:04 CV-00286-JWS

**Error! Unknown document property name.**.v**Error! Unknown document property name.**

HOWREY LLP

# TABLE OF AUTHORITIES

## CASES

*Ackerman v. United States*,
 340 U.S. 193 (1950) .................................................................................... 3, 7

*Castro v. United States*,
 540 U.S. 375 (2003) ....................................................................................... 7

*In re Cement Antitrust Litigation (MDL No. 296)*,
 673 F.2d 1020 (9th Cir. 1982) ....................................................................... 6

*Coleman v. Thompson*,
 501 U.S. 722 (1991) ....................................................................................... 8

*Corex Corp. v. United States*,
 638 F.2d 119 (9th Cir. 1981) ......................................................................... 3

*Gonzales v. Crosby*,
 125 S. Ct. 2641 (2005) ................................................................................... 9

*Haines v. Kerner*,
 404 U.S. 519 (1972) ....................................................................................... 7

*In re Hammer*,
 940 F.2d 524 (9th Cir. 1991) ......................................................................... 6

*Harris v. United States*,
 367 F.3d 74 (2d Cir. 2004) ............................................................................ 7

*Klapprott v. United States*,
 335 U.S. 601 (1949) ....................................................................................... 3

*Liljeberg v. Health Services Acquisition Corp.*,
 486 U.S. 847 (1988) ............................................................................. *passim*

*Moody v. Simmons*,
 858 F.2d 137 (3d Cir. 1988) .......................................................................... 6

*Potashnick v. Port City Construction Co.*,
 609 F.2d 1101 (5th Cir. 1980) ....................................................................... 6

*Reed v. Farley*,
 512 U.S. 339 (1994) ....................................................................................... 9

*In re Roxford Foods, Inc.*,
 12 F.3d 875 (9th Cir. 1993) ........................................................................... 6

*Savarese v. Edrick Transfer & Storage, Inc.*,
 513 F.2d 140 (9th Cir. 1975) ......................................................................... 2

*United States v. Alabama*,
 828 F.2d 1532 (11th Cir. 1987) ..................................................................... 4

HOWREY LLP

-ii-
DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE
Case No. 3:02 CR-00031-JVS; 3:04 CV-00286-JWS
**Error! Unknown document property name.**.v**Error! Unknown document property name.**

*United States v. Eatinger*,
   902 F.2d 1383 (9th Cir. 1990) ...................................................................................7

*United States v. Kelly*,
   888 F.2d 732 (11th Cir. 1989) ...................................................................................5

*United States v. Long*,
   83 Fed. Appx. 174 (9th Cir. 2003) ............................................................................1

*United States v. O'Keefe*,
   169 F.3d 281 (5th Cir. 1999) .............................................................................5, 6, 8

*United States v. State of Washington*,
   98 F.3d 1159 (9th Cir. 1996) .....................................................................................6

*United States v. Studley*,
   783 F.2d 934 (9th Cir. 1986) .....................................................................................5

*Ward v. Village of Monroeville*,
   409 U.S. 57 (1972) .....................................................................................................3

*Whaley v. Rudman*,
   887 F.2d 976 (9th Cir. 1989) (relief under Rule 60(b)(6) ......................................4

*Yagman v. Republic Insurance*,
   987 F.2d 622 (9th Cir. 1993) .....................................................................................6

**STATUTES**

28 U.S.C. § 144(c) ................................................................................................................4

28 U.S.C. § 455(a) .....................................................................................................4, 5, 6, 9

28 U.S.C. § 2255 .......................................................................................................1, 2, 10

Fed. R. Civ. P. 60(b)(6)..............................................................................................*passim*

**OTHER**

11 Wright, Miller & Kane, *Federal Practice and Procedure:*
   *Civil 2d* § 2857 (2d ed. 1995) ...................................................................................3

-iii-
DEFENDANT ROBERT A. LONG'S RESPONSE TO ORDER TO SHOW CAUSE
Case No.  3:02 CR-00031-JVS; 3:04 CV-00286-JWS
**Error! Unknown document property name.**.v**Error! Unknown document property name.**

HOWREY LLP