NELSON P. COHEN
United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
daniel.cooper@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT A. LONG,<br><br>　　　　　Defendant. | ) No. 3:02-cr-00031-JVS<br>)<br>) **UNITED STATES'**<br>) **OPPOSITION TO LONG'S**<br>) **RESPONSE TO ORDER TO**<br>) **SHOW CAUSE**<br>)<br>)<br>)<br>) |

On February 10, 2006, the Court entered an Order to Show cause why eleven pending motions should not be denied.[1] On October 2, 2006, Mr. Long filed his response.[2] The United States opposes that response because it does not address the order to show cause why the eleven motions should not be dismissed,

---

[1] Docket 239.  The eleven motions are described in Exhibit A to the order.

[2] Docket 267.

but rather reargues the motion concerning the recusal of Judge Sedwick. Moreover, even if such an argument were proper at this time, the Response completely ignores that the issue of recusal was raised by Judge Sedwick prior to the trial of the case,[3] and Mr. Long did not contest the propriety of Judge Sedwick remaining on the case at that time, or on any prior appeal or claim of ineffective assistance of counsel. Therefore, Mr. Long has waived the issue of Judge Sedwick's recusal, and he is precluded from raising the issue at this time.

    I.    <u>Relevant Procedural Background</u>.

Mr. Long was arrested on a warrant issued February 27, 2002, in case A02-0040 MJ (AHB). The arrest warrant was based upon the probable cause determination in a criminal complaint issued the same day in the same case. Mr. Long was detained after his arrest. An indictment was returned in case A02-0031 CR (JKS) on March 20, 2002,[4] and thereafter the case was assigned to Judge Sedwick.[5]

---

[3] See, Order at Docket 35 dated April 25, 2002, wherein Judge Sedwick afforded both parties the opportunity to present their basis for recusal within 10 days of the order.

[4] Docket 1.

[5] Minute order dated March 22, 2002, Docket 5.

Mr. Long remained in pretrial detention. On April 25, 2002, a hearing was held on Mr. Long's bail status before Judge Sedwick. After the hearing, Judge Sedwick entered an order raising the issue of whether Judge Sedwick should recuse himself from this case, and gave the parties 10 days from the date of the order to "file a notice and any other papers deemed necessary" on the issue of recusal.[6] Neither party did so.[7]

Trial commenced May 28, 2002,[8] and resulted in convictions on May 31, 2002.[9] On June 18, 2002, Mr. Long brought a motion challenging the propriety of Judge Sedwick being involved in the case for post trial matters because of a concern that Judge Sedwick may have participated in a judicial complaint Mr. Long had made against Judge Singleton and Judge Roberts.[10] Mr. Long does not make a complaint about Judge Sedwick acting as the trial judge in the motion.

---

[6] Docket 35.

[7] The next pleading filed by Mr. Long was a request for a hearing to reschedule matters because of a conflict. The pleading was filed May 6, 2002, at Docket 46.

[8] Docket 80.

[9] Docket 84.

[10] Docket 89.

USA v. Long
3:02-cr-00031-JVS                                3

The motion was promptly assigned to Judge Holland for resolution.[11] Judge Holland reviewed the matter, and found that Judge Sedwick had not participated in any way in the disposition of Mr. Long's judicial complaint against Judges Singleton and Roberts.[12]

Mr. Long appealed his conviction, and the judgment of the District Court was affirmed.[13] On November 30, 2004, Mr. Long filed his motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel, and including a claim that Judge Sedwick should have recused himself.[14] The motion was denied on May 6, 2005.[15]

After the denial of his § 2255 motion, Mr. Long continued to file motions.[16] Judge Sedwick assigned the motions to Judge Holland,[17] who recused himself.[18]

---

[11] Docket 90.

[12] Docket 99.

[13] Memorandum, Ninth Circuit Court of Appeals, Case No. 02-30325, filed December 8, 2003.

[14] Docket 171.

[15] Docket 191.

[16] See, Dockets 193 -197.

[17] Docket 198.

[18] Dockets 199 and 200.

The motions were then assigned to Judge Beistline, who ruled on some motions, but not others, and then recused himself.[19]  The case was then assigned to Judge Selna of the United States District Court for the Central District of California.[20]

Judge Selna reviewed the remaining pending motions previously filed by Mr. Long, and entered an order directing Mr. Long to show cause why the motions should not be dismissed as a second or successive petition under 28 U.S.C. § 2255 which would be barred absent a certification by the Ninth Circuit.[21]  In a separate order, Judge Selna invited briefing on Mr. Long's motion at Docket 194.[22]  The parties briefed the issues requested by the court, and the court prepared and circulated a tentative draft of an order.  A hearing was held on January 13, 2006, which Mr. Long did not attend.  On January 23, 2006, Judge Selna again extended the time for Mr. Long to file any additional briefing on the issues identified in the

---

[19]  Docket 201.

[20]  Docket 204.

[21]  Docket 208.

[22]  Docket 209.

court's orders at Dockets 208 and 209.[23] Mr. Long filed additional briefing as allowed by the court.[24]

Judge Selna issued an order on February 10, 2002, denying Mr. Long's motions at dockets 193 and 194 as second or successive petitions under 28 U.S.C. § 2255 which required certification by the Ninth Circuit pursuant to 28 U.S.C. § 2255, ¶ 8.[25] Concurrent with the issuance of this order, the court entered two additional orders:

First, the court appointed counsel for Mr. Long from the CJA panel in the Central District of California.[26]

Second, the court ordered Mr. Long to show cause why the eleven remaining pending motions (which are enumerated in Exhibit A to the order) should not be dismissed because they either raised issues resolved by the court in its concurrent order, or because the motions raised new issues amounting to second or successive issues which required certification by the Ninth Circuit.[27]

---

[23] Docket 233.

[24] Dockets 234 and 235.

[25] Docket 237.

[26] Docket 238.

[27] Docket 239.

The court granted Mr. Long thirty days to show cause, and extended the date to allow new counsel an opportunity to familiarize himself with this extensive record.

Mr. Long filed his Response to the Order to Show Cause at Docket 267, and this is the United States' Opposition to that Response.

II. <u>Argument</u>.

    A.    Mr. Long's Response does not address the order to show cause why the eleven motions should not be dismissed, but rather reargues the motion concerning the recusal of Judge Sedwick.

Mr. Long's Response does not address in any substantive way the Court's Order at Docket 239 concerning the eleven motions. The Order is mentioned in footnote 1 on page 2 of the Response and is referred to again in a single paragraph on page 11 of the Response. The argument of Mr. Long is that the dismissal of the eleven motions is premature because the court should reconsider the order dismissing Mr. Long's motions at Dockets 193 and 194 pursuant to Rule 60(b)(6), F.R.Civ.P. However, the argument propounded on page 11 is simply this - that the court should not dismiss the eleven pending motions until it reconsiders the earlier order by Judge Sedwick dismissing the original petition under 28 U.S.C. § 2255, as well as Judge Selna's orders denying the motions at Docket 193 and 194.

The balance of Mr. Long's response is why the court should reconsider the earlier decisions dismissing the § 2255 petition and the successive petitions. The argument is based on F.R.Civ.P. (b)(6) which provides:

> Rule 60(b). On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ...
>
> (6) any other reason justifying relief from the operation of the judgment.

Mr. Long focuses solely on Judge Sedwick's failure to recuse himself under 28 U.S.C. § 455(a), and the fact that Mr. Long represented himself through most of the post-conviction proceedings. Mr. Long fails, however, to bring the entire record to the court's attention, and the record amply demonstrates that Mr. Long was made aware of his rights concerning recusal of a United States District Judge under 28 U.S.C. §§ 455 and 144, and did not exercise those rights.

The issue of whether Judge Sedwick should recuse himself from this case was first made of record on April 25, 2002, when Judge Sedwick himself raised the issue. The order at Docket 25 placed the matter squarely before Mr. Long, and raised not only 28 U.S.C. § 455, but also section 144. Moreover, this was at a time when Mr. Long was represented by counsel, Mr. Dieni. In spite of Judge

Sedwick's order, Mr. Long did not bring any basis for recusal to the attention of the court at this time.

The issue of recusal was next raised by Mr. Long after the trial, but not with respect to any past conduct by Judge Sedwick, but rather any prospective handling of his case.[28] In that pleading, Mr. Long was only complaining about whether there was participation by Judge Sedwick in the resolution of the judicial conduct complaint Mr. Long made against Judges Singleton and Roberts. Nonetheless, he was aware of both the law governing recusal by a judge in the United States District Courts, and that Judge Sedwick had brought the matter to his attention. His counsel at the time, Mr. Dieni, was also aware of the recusal statutes. Neither Mr. Long nor his counsel raised the issue any further at that time.

Mr. Long has not advanced any argument that he should be relieved of the order dismissing his original § 2255 petition (and the orders dismissing his motions at Dockets 193 and 194, together with the eleven pending motions) other

---

[28] "Assuming that Judge Sedwick played no role with regard to the handling of Mr. Long's judicial conduct complaint, Mr. Long makes no motion to disqualify Judge Sedwick. If so, however, Mr. Long requests that Judge Sedwick disqualify himself from *further service* in this case." Docket 89, p. 2. (emphasis added).

than the recusal issue affected the integrity of the habeas corpus proceedings.[29] Mr. Long ignores the fact that the court raised the issue and defined it for him a month prior to trial. Mr. Long also ignores the fact that he himself had once raised the issue prior to his appeal. When the court considers these two facts, it is clear that Mr. Long was well aware of "recusal," what "recusal" means, where the law regarding "recusal" is found in the United States Code, and that he was made aware of these facts and issues at a time when he was represented by counsel.

In sum, Mr. Long has not raised any new issues or facts. Instead, he ignores the record in his case and attempts to have this court consider once again matters which have already been decided. The court should decline to do so, and enter its order dismissing the remaining eleven motions.

> B.  Mr. Long has waived the issue of Judge Sedwick's recusal, and he is precluded from raising the issue at this time.

Judge Sedwick brought the issue of recusal to Mr. Long's attention a month before trial. Mr. Long chose not to take up the issue at that time. Moreover, Mr. Long failed to raise the recusal issue either in his direct appeal or in his first petition under 28 U.S.C. § 2255. He is precluded from raising the issue at this

---

[29] Response, p. 7, lines 11 - 14.

time because his failure to litigate the matter at the time it was brought to his attention constitutes waiver of the issue.

Forfeiture is the failure to make a timely assertion of a right, whereas waiver is the "intentional relinquishment or abandonment of a known right."[30]  The decision by Mr. Long and his attorney to ignore the court's order at Docket 35 constitutes a waiver that makes the issue unreviewable on appeal, and therefore unreviewable by this court.  Under Ninth Circuit law, however, it is not enough simply for the defense attorney to be implicated in the error.  In order to constitute a waiver under Ninth Circuit law, defense counsel must make an "intentional relinquishment or abandonment of a known right."[31]

The record in this case clearly indicates that Mr. Long and his attorney intentionally relinquished a known right.  Both Mr. Long and his lawyer were

---

[30] *United States v. Olano*, 507 U.S. 725, 733 (1993)(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

[31] *Olano*, 507 U.S. at 732 (distinguishing forfeiture, defined as "the failure to make the timely assertion of a right," from waiver, defined as "the 'intentional relinquishment of a known right,' " (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, (1938))); see also *United States v. Perez*, 116 F.3d 840, 845 (9th Cir.1997) ("Until now, our invited error doctrine has focused solely on whether the defendant induced or caused the error.... We now recognize, however, that we must also consider whether the defendant intentionally relinquished or abandoned a known right." (citations omitted)).

aware of the right. It was made known to them by the court. Moreover, they raised the right themselves right after the trial concluded. An affirmative act was required of them to exercise that right prior to trial. They did nothing. Rather, Mr. Long waited until after his appeal was concluded to raise the issue as affecting his rights at trial.

In light of this record, it is clear that Mr. Long and his attorney knowingly and intentionally abandoned a known right. Moreover, Mr. Long should have raised the recusal issue at or prior to trial. The Ninth Circuit has held that "timeliness cannot be disregarded in all cases involving the delicate matter of disqualification under section 455," while leaving open the question whether timeliness may be disregarded in exceptional circumstances.[32] The Ninth Circuit has also denied a party's request to remand the case to a different judge based on alleged bias, because the party "failed to raise th[e] claim below, and because he fail[ed] to specify any facts that would support an allegation of bias."[33]

---

[32] *United States v. Conforte*, 624 F.2d 869, 880 (9th Cir.), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980).

[33] *Salmeron v. United States*, 724 F.2d 1357, 1365 n. 3 (9th Cir.1983), citing *Conforte*, 624 F.2d at 869.

However, the Ninth Circuit has later ruled that a party is not precluded from raising the issue for the first time on appeal.[34] Nonetheless, a party's failure to move for recusal "will significantly affect the appellate standard of review," and that a party who made no motion in the trial court "will bear a greater burden on appeal in demonstrating that the judge committed reversible error in failing to grant recusal under section 455."[35] Thus, Mr. Long must establish that the court, Judge Sedwick, committed plain error in failing to, *sua sponte*, recuse himself prior to trial, or at any time later in the proceedings.[36]

Recusal must be predicated on an allegation of bias or prejudice stemming from an extrajudicial source.[37] Mr. Long has not alleged bias or prejudice with specificity, other than Judge Sedwick is a Judge in the same District as the victims. Judge Sedwick exhibited no bias or prejudice at trial, and Mr. Long has not

---

[34] *In re Manoa Finance Co.*, 781 F.2d 1370, 1373 (9th Cir.1986), *cert. denied*, 479 U.S. 1064,(1987).

[35] *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir.1980)

[36] *U.S. v. Bosch*, 951 F.2d 1546, 1548 (9th Cir. 1991), *cert. denied*, 112 S.Ct. 2975 (1992); *United States v. Schreiber*, 599 F.2d 534, 535-36 (3d Cir.1979) (applying plain error standard of review when recusal issue is first raised on appeal).

[37] *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1581 (9th Cir.1989), *cert. denied*, 497 U.S. 1003 (1990)

pointed to anywhere in this extensive record where Judge Sedwick acted improperly. Mr. Long has placed into evidence affidavits, but those affidavits were filed years after the alleged conduct by Judge Sedwick. As the court noted in its order at Docket 237, p. 9, the affidavits were filed well more than a year after the entry of judgment, and therefore under Rule 60(b) they were untimely.

Recusal is only appropriate pursuant to 28 U.S.C. §§ 144, 455 if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[38] To prevail in a motion for recusal, a party must allege bias or prejudice stemming from an extrajudicial source, and the bias or prejudice must "result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[39] Mr. Long has not shown the requisite bias. Nothing before the court demonstrates bias by Judge Sedwick towards Mr. Long. Mr. Long is dissatisfied with his trial counsel and his appellate counsel. Mr. Long is dissatisfied with his trial judge. But what Mr. Long has failed to do is to show bias or prejudice by his trial judge. That is, not

---

[38] *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986) (citations omitted).

[39] *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir.1978) (emphasis and citation omitted), *cert. denied*, 440 U.S. 907 (1979).

only is the claim brought much too late, the claim would fail on its merits had it been brought sooner because Mr. Long has failed to allege and show the requisite bias.

    III.    <u>Conclusion</u>.

Mr. Long was made aware of the recusal statutes more than a month before trial was scheduled to commence. Mr. Long and his lawyer were invited to bring any concerns they had regarding the propriety of Judge Sedwick sitting as the trial judge in Mr. Long's case. Mr. Long and his lawyer did nothing. Indeed, shortly after the conclusion of the trial, they asked only if Judge Sedwick should consider recusing himself from future participation in Mr. Long's case if Judge Sedwick had participated in the resolution of Mr. Long's judicial complaints against others. Assured that Judge Sedwick had not acted improperly, the motion was not renewed until years later, and then on different grounds. Mr. Long was aware of his rights, and he waived them at a time he was represented by counsel. He has not responded in any meaningful way to the order to show cause. This court should enter an order dismissing the remaining eleven motions as second or successive petitions under 28 U.S.C. § 2255. The court should reaffirm its earlier order dismissing the motions at dockets 193 and 194 as second or successive

petitions under 28 U.S.C. § 2255.  If Mr. Long then desires further review, he should do so under the rules.

    RESPECTFULLY SUBMITTED on November 6, 2006.

    NELSON P. COHEN
United States Attorney

s/ Daniel R. Cooper, Jr.
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
Fax: (907) 271-2344
E-mail: Daniel.Cooper@usdoj.gov
AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2006,
a copy of the foregoing UNITED STATES'
OPPOSITION TO LONG'S RESPONSE
TO ORDER TO SHOW CAUSE was served
electronically on Roman E. Darmer II.

s/ Daniel R. Cooper, Jr.