**MINUTES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| UNITED STATES OF AMERICA | v. | ROBERT A. LONG |

THE HONORABLE JAMES V. SELNA    CASE NO.  3:02-cr-00031-JVS

Deputy Clerk                    Official Recorder

Pam Richter

PROCEEDINGS:  **MINUTE ORDER re ORDER to SHOW CAUSE**

      On February 10, 2006, the Court denied Motions filed by petitioner Robert Long ("Long"), seeking further relief as arising out of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. (Docket No. 237.) The Court held that Long's motion based on newly-discovered evidence concerning the trial judge's conduct during Long's trial (Docket No. 193) amounted to a second or successive petition, and that his motion for discovery (Docket No. 194) in connection therewith was ancillary to that motion. Because Long had not first sought certification from the Ninth Circuit (28 U.S.C. § 2255, ¶ 8), the Court denied both motions.

      Thereafter, the Court issued an order to show cause why the remaining eleven pending motions should not be dismissed because they raised issues previously resolved in the Court's rulings on Long's petition for a writ of habeas corpus under 18 U.S.C. § 2255 (Docket Nos. 191 and 192); or raised new issues which are tantamount to a second or successive petition which requires prior certification to proceed from the United States Court of Appeals for the Ninth Circuit under 28 U.S.C. § 2255, ¶ 8; or sought relief, such as discovery, ancillary to a claim which must first be certified by the Circuit. (Docket No. 239.)

      After a series of extensions to permit newly-appointed counsel to master the record, Long replied to the Order to Show Cause, but failed to address the substantive issues raised by the Court. Instead he argued that the Order to Show Cause was premature because reconsideration of the Court's February 10, 2006 ruling was in order, and because Judge Sedwick should have been recused before deciding the original habeas petition. (Long's Response to Order to Show Cause, pp. 1, 10-11 [hereinafter "Response"].)

I.    Reconsideration Is Not Warranted.

      Putting aside the timeliness of a motion for reconsideration, there is no merit to Long's position as it relates his request for relief on his underlying conviction. It cannot be contested that the Court ruled on Long's Section 2255 petition. (Docket No. 191.) The newly-discovered evidence related not to the manner in which Judge Sedwick handled, considered, and resolved the petition, but to the underlying criminal proceeding itself. Regardless of how Long styled his request for relief, it is a second or successive petition, requiring prior certification by the Ninth Circuit. Gonzales v. Crosby, 545 U.S.

[FORMS*IA*]

524, 125 S. Ct. 2641, 2647-49 (2005); Hamilton v. Newland, 274 F.3d 822, 824 (9th Cir. 2004). Long offers nothing new or to the contrary in his Response.

II. Recusal.

For the first time in his Response, Long asserts that Judge Sedwick should have recused himself from the habeas proceeding. 28 U.S.C. § 455. Long advances this as a ground going to the validity of the habeas proceeding, a ground which would not amount to a second or successive petition, requiring pre-certification. The Supreme Court has recognized that a recusal may under appropriate circumstances be appropriate even after judgment has been entered in a proceeding. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 (1988). Such relief may be sought under Rule 60(b)(6) of the Federal Rules of Civil Procedures which merely requires that the motion be brought within a reasonable time. Fed. R. Civ. Pro. 60(b)(6).

There are several facially compelling reasons for declining to entertain a motion for recusal.

First, the motion which Long brought in Docket 191 is not a recusal motion. However, given the difficulty that the Court had in characterizing Long's motions[1] and the fact that he was proceeding *pro se*, the Court cannot say that on the facts presented with the motions recusal was not a possible form of relief. In any event, the Court treats Long's Response as his initial recusal motion on the habeas petition, and observes, without making a final determination, that he appears to have brought the motion within a reasonable time in view of the timing of the disclosure of the facts that support recusal and the time required for counsel to assimilate the lengthy record in this case.

Second, the Government contends that the request for recusal is belated or has been waived. Judge Sedwick invited Long to make a recusal motion prior to trial (Docket 25), but notwithstanding the fact that Long was represented by counsel, no motion was made at the time. Following the trial, Long raised the issue of recusal on the assumption that Judge Sedwick may have participated in the handling of Long's claim of judicial misconduct lodged against Judge Singleton and Magistrate Judge Roberts.[2] (Docket 89.) But the short answer is that Long was not aware of the alleged misconduct when he was offered opportunities to move for recusal.

The fact that a judge has made rulings adverse to a party, standing alone, is not a basis for disqualification. Liteky v. United States, 510 U.S. 540, 555 (1994). Thus, the Court would not entertain recusal based on Long's dissatisfaction with Judge Sedwick's ruling denying appointment of counsel and various discovery applications. But the allegations of undisclosed misconduct at trial warrant consideration.

---

[1] Minute Order, Feb. 10, 2006, pp. 6-8 (Docket No. 237).

[2] Similarly, it was well-known to Long that the underlying criminal case involved allegations of threats to fellow judges in a small district. (Long Response, p. 5 n.2.) Assuming that this is a proper basis for recusal (but see Clemens v. United States District Court, 428 F.3d 1175, 1180 (9th Cir. 2005), a motion on such a ground has clearly been waived. United States v. Conforte, 624 F. 2d 869, 879-80 (9th Cir. 1980).

[FORMS*IA*]

        The Court does not believe that the present record is sufficient to determine whether the alleged misconduct occurred, and if so, whether retroactive disqualification of Judge Sedwick on the habeas petition is warranted. The Court finds that an evidentiary hearing is required. The hearing will be limited to the allegations made by Tina Crump in her affidavit accompanying Long's motion at Docket 193.

        The Court orders the parties to meet and confer and file a joint report within fifteen days covering the following:

- What discovery should be allowed.
- A schedule of events leading to a hearing with proposed dates.
- A time estimate for the hearing.

Where views are divergent, both parties' views should be included. After receipt of the parties' report, the Court will set a telephonic status conference to confirm procedures and the schedule for the evidentiary hearing.

        The Court holds in abeyance ruling on the Order to Show Cause pending the evidentiary hearing.

DATE: January 26, 2007

ENTERED AT JUDGE'S DIRECTION
INITIALS: prr
Deputy Clerk

[FORMS*IA*]